WYATT EARP and others v. W. H. RICHARDSON and others.

*Agent—Limited Power—Practice—Former Decision—Statute of Limitations.*

1. It is incumbent on one who has dealings concerning a note past due with an agent acting under a limited power, to "look out for the power" under which the agent acts.

2. A former decision of this court will not be reversed on review, because in considering the case the court laid stress upon a fact that was immaterial, when it appears that it did rely upon another fact that was material and comes to a correct conclusion of law.

3. The statute of limitations will not run against one to whom the defendant stood in the relation of trustee or bailee, until after a demand.

PETITION to Rehear, filed by defendant at January Term, and heard at June Term, 1879, of THE SUPREME COURT.

The facts in this case are reported in 78 N. C., 277, and the errors assigned in the petition to rehear are embodied in the opinion delivered by Mr. Justice ASHE.

---

* Smith, C. J., having been of counsel, did not sit on the hearing of this case.

*Messrs. Gilliam & Gatling, Lewis & Strong,* and *G. M. Smedes,* for plaintiffs.

*Messrs. Busbee & Busbee,* for defendants.

ASHE, J.   This was a petition to rehear the decision made in this case at January Term, 1878, of this court, and reported in 78 N. C., 277.  The defendant in his petition assigns the following errors :

1. That it binds a third person trading with an agent who is the son of the principal by the undisclosed instructions given to the agent, even though the note, the subject of the trade, was in the hands of the son, claimed by him as his own, treated as his own, and thought by the third person to be the property of the agent, and although the principal did not disavow the action of his agent even after the trade.

2. That stress is laid upon the fact that the note or bond was not endorsed to the son, even though it was likewise not endorsed to the father.

3. That it decides that an action for the possession of a note under seal analogous to an action of trover, is not barred by the statute of limitations until after the collection of the note.

As to the first assignment of error :

This court held, and we think correctly, that the authority given by John Earp to his son Taylor Earp, to buy a mule from Hocutt by giving him a credit of one hundred and twenty-five dollars on the note, was a limited power ; and as the note was afterwards traded to the defendant after it became due, he was affected with notice, and it was incumbent on him "to look out for the power" of Taylor Earp. It may be presumed from the finding of the referee that John Earp had notice of the written contract entered into by Taylor Earp with the defendant ; but he expressly finds that he did not know of the nature of the last agreement between Taylor Earp and the defendant ; and in

that view of the case he could not be expected to disavow the transaction, and his failure to do so could not be construed into an acquiescence from which a ratification of the act could be inferred. When the agency is to be proved by the subsequent ratification and adoption of the act by the principal, there must be evidence of previous knowledge on the part of the principal of all the material facts. 2 Greenl. Ev., §66.

As to the second assignment of error:

We cannot concur in the proposition that a decision of the court should be reversed because in considering the case it laid stress upon a fact that was immaterial, when it appears it did rely upon another fact that was material, and came to a correct conclusion of law.

As to the third assignment of error:

Conceding that the court did err in assuming the position that the statute of limitations would not bar until after the collection of the note, this court at the same time held that as the defendant stood in the relation of bailee or trustee to John Earp, the statute did not begin to run until after a demand; and no demand having been made, the statute did not bar the action of the plaintiffs.

There is no error, and the decision made in this case at January Term, 1878, is affirmed.

No error.                                     Affirmed.