F. A. SHERRILL & CO. v. THE WEISIGER CLOTHING COMPANY.

*Attorney—Extent of Power — Not Authorized to Indorse Notes Held for Collection — Acquiesence in Indorsement by Principal.*

1. An attorney to whom a note is sent for collection has, *prima facie*, no authority to indorse the same in the name of his client, and the purchaser should inquire as to the extent of the attorney's authority.

2. In such case the acquiescence by the client in such indorsement, supposing it to have been a mere sale of the note, does not constitute a ratification of the unauthorized indorsement.

CIVIL ACTION, tried before *Whitaker, J.*, and a jury, at November Term, 1893, of IREDELL Superior Court.

The issue submitted, without objection, was:

" Are the defendants indebted to the plaintiffs, and if so, in what amount?"

Plaintiffs introduced in evidence note 6th March, 1890, to order of Weisiger Clothing Co., for $108, payable thirty days after date, interest from February 1, 1890, at eight per cent. by J. M. Howard, indorsed to plaintiffs by defendants through A. Wallace; credit, $70 April 16, 1890.

Note 6th March, 1890, for $108 to defendants, sixty days after date, interest eight per cent. from 1st February, 1890, by J. M. Howard, indorsed as other note.

The notes were indorsed as follows:

" Pay to F. A. Sherrill & Co.
     " WEISIGER CLOTHING CO.,
       " Per A. WALLACE."

W. H. Weisiger, president of defendant company, testified: "After maturity of notes sent them to A. Wallace for collection; the only authority he had was to collect the notes from the obligor; did not know that these notes had been indorsed until about two years after it had been done, and this knowledge came to me by demand from plaintiffs."

*Cross-examined.*—"I knew these notes had been sold to plaintiffs, but did not know of indorsements."

The following were introduced in evidence: Letter of 17th April, 1890, to A. Wallace by Weisiger Clothing Co.; letter of 19th May, 1890, to A. Wallace by Weisiger Clothing Co.; letter of 13th May, 1890, to A. Wallace by same; letter by same to same, 12th April, 1890. The letters were as follows:

SHERRILL v. CLOTHING COMPANY.

"APRIL 12, 1890.

"A. WALLACE, ESQ., Statesville, N. C.,

"DEAR SIR:—We have yours of 11th instant, and note contents.

"Inclosed we hand you note J. M. Howard $108, due 8th April, and interest $1.58, as requested.

"Hope you'll collect the money without trouble.

"Yours very truly,

"WEISIGER CLOTHING CO.,

"JONES."

"RICHMOND, VA., April 17, 1890.

"MR. A. WALLACE, Statesville, N. C.,

"DEAR SIR:—We acknowledge receipt of your favor of 16th containing check as stated for one hundred and five dollars, which we place to credit J. M. Howard for note due 8th instant, sold to Sherrill & Co., and delivered.

"Please accept thanks for the same.

"Yours very truly,

"WEISIGER CLOTHING CO.,

"Per E. JONES.

"($105.)

"This is satisfactory."

"RICHMOND, VA., May 13, 1890.

"J. M. Howard's note due 8th May.  $110.30.

"A. WALLACE, ESQ., Statesville, N. C.,

"DEAR SIR:—The above note was returned to us unpaid this A. M., and we now inclose same to you for collection.

"We hope you will be able to secure the money without trouble.  Do your best for us.

"Yours very truly,

"WEISIGER CLOTHING CO.,

"J."

"RICHMOND, VA., May 19, 1890.

"MR. A. WALLACE, Statesville, N. C.,

"DEAR SIR:—We acknowledge receipt of your favor of 18th, containing check as stated one hundred dollars, which we place to credit of J. M. Howard note due 8th May, sold to Sherrill & Co.

"Please accept thanks for the same. This is satisfactory.           Yours very truly,

"WEISIGER CLOTHING CO.,
"Per E. JONES."

A. Wallace testified: "Notes sent to me for collection; sold the notes to plaintiffs; had no authority to indorse them."

Affidavit of plaintiffs showing that J. M. Howard soon after April 16, 1890, became insolvent.

J. M. Howard testified: "Became insolvent about April 16, 1890; was insolvent at execution of notes, and they could not have been collected out of me by process of law nor at any time since then."

The Court instructed the jury that if they believed the evidence they would answer the issue, "Yes, $216, with interest at eight per cent. per annum, subject to a credit 16th April, 1890, of $70."

There was verdict and judgment for the plaintiff, and from the refusal of a motion for new trial on account of error in the Court in instructing jury as above, the defendant appealed.

*Messrs. Robbins & Long,* for defendant (appellant).
No counsel *contra.*

PER CURIAM: The authority of an agent to collect a note or bill does not authorize him to indorse the note or bill

either in the name of his principal or on his own account, and the defendant's acquiescence in and approval of the sale, supposing it to be an out and out sale simply, was not a ratification in fact of the unauthorized indorsement, of which he had no knowledge when he approved the sale. *Hines* v. *Butler*, 3 Ired. Eq., 307. The attorney, *prima facie*, had no authority to sell and indorse and the plaintiff, under the circumstances of this case, should have inquired as to the extent of his authority. *Earp* v. *Richardson*, 81 N. C., 5; *Biggs* v. *Insurance Co.*, 88 N. C., 141; Smith Cont., 311.

There should be a                                New Trial.