33 1011
f120 562

### No. 1018.

THE MAYOR AND CITY COUNCIL OF MONROE VS. JOHN GERSPACH.

The right exists in the Council of a municipal Corporation to determine what, in its nature and use, it deems a *nuisance*, and to direct its removal or discontinuance under the penalties which it is, by legislative authority, empowered to impose or inflict. 10 An , 227.

APPEAL from the Recorder's Court for the City of Monroe.

*Stubbs & Stillman* for Defendant and Appellant.

*Franklin Garrett* for Plaintiff and Appellee.

The opinion of the Court was delivered by

LEVY, J. The defendant appeals from a judgment rendered by the Recorder's Court of the City of Monroe, decreeing that he pay a fine of twenty-five dollars and costs and, in default of his payment of said fine, that he work on the public streets, to be computed at one dollar per day until said fine is paid. This fine was imposed for violation by the defendant of Ordinance No. 413 of said city, in failing and refusing, after due notice given to him, to fill up the vaults or sinks of privies on premises in said city, belonging to, or under the control and agency of, defendant.

Appellant urges the illegality and unconstitutionality of said ordinance, on the grounds:

That it is not a general law, under which these or any other vaults are declared and can be shown to be nuisances; nor is it a law, under which *any* structure, of any description, can be shown to be a nuisance; 2d. That a condition precedent to enforcing the removal of any given structure as a nuisance, when said structure is not built or erected in violation of a prohibitory law, is to first declare said structure a nuisance; that said ordinance does not *so declare* the vaults which it is attempting to do away with, and, for that reason, is null and void; 3d. That the City Council may enact laws to prevent, as well as remove, nuisances, but cannot punish by fine and imprisonment for failure to remove a

nuisance which does not exist in violation of a prohibitory law; that a law of that character is unconstitutional, for its enforcement would be placing an unjustifiable restraint upon personal liberty; that Ordinance No. 413 is of such character, and is, therefore, unconstitutional, null and void; 4th. That said ordinance is null and void because it does not give to the owner of the property, who refuses to remove the alleged nuisance, the right to show that the object is not of such character, and it is, therefore, unreasonable and an oppressive restraint upon common right; and, 5th. That said ordinance is invalid because its enforcement will not preserve the cleanliness of the city and thereby benefit the health of its citizens, but, on the contrary, it is calculated and will prove deleterious to the public health.

The act of the Legislature, approved May 4th, 1871, incorporating the City of Monroe, is very full and explicit in its grant of municipal powers; among others, it specially confers the power " to regulate and preserve the peace and good order of the city, and provide for, and maintain its cleanliness and salubrity in a manner not inconsistent with the laws," § 9. In the same section, the city is authorized " to abate nuisances, suppress houses of ill-fame, and to cause the arrest and punishment of vagrants," " to cause persons sentenced to fine and imprisonment, or either, to be placed at work upon the streets and other public works of said corporation, in the event of the failure of said persons so sentenced, as aforesaid, at one dollar per day." Under the authority thus granted, " to make and pass such laws and ordinances as are necessary and proper," the city adopted Ordinance 413, " in reference to the public health of Monroe, prohibiting the digging or excavating of privy vaults, requiring all privy vaults and excavations now existing to be filled up, and prescribing penalties for the violation of any provision of (this) ordinance." That eminent author, Judge Dillon, in his work on Municipal Corporations, vol. 1, § 369, says: "Our municipal corporations are usually invested with power to preserve the health and safety of the inhabitants. This is indeed one of the chief purposes of local government, and reasonable by-laws in relation thereto have always been sustained in England, as within the incidental authority of corporations to ordain." And in § 374: " It is to secure and promote the public health, safety and convenience, that municipal corporations are so generally and liberally endowed with power to prevent and abate nuisances. This authority may be constitutionally conferred on the incorporated place, and it authorizes *its council to act against that which* comes within the legal notion of a nuisance; but such power, conferred in general terms, cannot be taken to authorize the extrajudicial condemnation and destruction of that as a nuisance, which *in its nature, situation or use*, is not such." We think the right exists in the council of a municipal corporation to

determine what, in its nature and use, it deems a nuisance, and to direct its removal or discontinuance under the penalties which it is, by legislative authority, authorized to impose or inflict. In the case of Kennedy vs. Phelps, 10 An. 227, our own Supreme Court has passed very clearly upon a question like that involved in this case. The Court there said: "The power to abate nuisances, is a portion of police authority, necessarily vested in the corporations of all populous towns. In the case of Hart vs. The Mayor of Albany, 3d Paige's New York Chancery Reports, the Court said: 'The question of nuisance or no nuisance is always a question of fact, in relation to which the opinions of individuals will necessarily differ. It, therefore, becomes necessary, in all populous towns, to regulate such matters by police ordinances; and public policy requires, that the corporation of the place should not be disturbed in the exercise of their powers, unless they have clearly transcended their authority.'" The proper exercise of the police power and the efficient preservation of the public health could hardly be accomplished, if every individual or any set of individuals can determine what is properly to be regarded as a nuisance and what are measures of salubrity. The various tastes and habits and the conflicting hygienic theories of different persons would, if it were necessary to be guided by them, prevent the municipal authorities from adopting any fixed and certain plan. It is, therefore, right and proper that they should be vested with the authority to decide what comes within the "legal notion" in that regard. 5 N. S. 411; 31 An. 720. We think the ordinance complained of is legal. We are unable to perceive in what respect it infringes any constitutional rights of appellant, and think the judgment appealed from should not be disturbed.

It is, therefore, ordered, adjudged and decreed that the judgment appealed fro m be affirmed at appellant's costs.