*932 The opinion of the court was delivered by
Miller, J.
The appeal is by plaintiff from the judgment dissolving its injunction to restrain the collection of a tax of one hundred and five dollars, imposed by the defendant, the town of Kent-wood, on plaintiffs’ property.
The defendant claims to have been incorporated as a town in 1892, under the provisions of the act of the Legislature, No. 49 of 1882, providing the method by which cities and towns may obtain acts of incorporation. The act requires the petition of the majority of the taxpayers of the town or village, setting forth their desire to be incorporated, giving the boundaries of the proposed town; on the presentation of this petition to a justice of the peace he is to order an election for the town officers, provided there are two hundred inhabitants in the designated limits, and the act provides for the issue of commissions to the elected officers and for the preparation of a suitable charter. The town officers were elected, commissioned by the Governor as directed by the act, the charter prepared, and in 1895 the tax in contestation on plaintiffs’ roadbed, within the town limits, was claimed under the assessment by the town authorities.
The petition in effect avers, that the Act No. 49 of 1882 is repugnant to Art. 29 of the Constitution, requiring that the legislative act shall embrace hut one subject, to be expressed in its title; and repugnant also, because an attempt to delegate the legislative power to ñx the boundaries’of towns, which power it is claimed must be exerted by the legislative department and can not be surrendered; the petition further denies any power in the town, if incorporated, to levy the tax, denies that the town was incorporated in conformity with the act, and denies there is any ordinance of the town authorizing the levy.
The argument for plaintiff on the alleged unconstitutionality of this act of 1882 has had our consideration. We would have difficulty in holding the title of this act insufficient to cover the incorporation in question, as villages, in the body of the act, the point of plaintiffs’ objections, might be deemed a synonym of “town” expressed in the title. Again, under our Constitution forbidding the creation of corporations by special acts, the objection that the act of 1882 is a delegation of political power to ñx parochial or municipal boundaries might be deemed answered, and the act does not seem to differ essentially from those of a similar character in other States, the *933 Constitutions of which contain prohibition of special acts of incorporation, and are as significant as ours against the delegation of legislative power. 1 Dillon, Ch. 111, Sec. 20. Whether the constitutionality of the law for incorporating towns, or whether the statutory conditions were fulfilled, can be urged collaterally, least of all, in resisting a tax, is more than doubtful. We have a statute of obvious pertinence on this subject, now Sec. 2593 of the Revised Statutes, and irrespective of any statute, we are inclined to think the current of authority in other States where the question has arisen is against the collateral attack on the charter here proposed. 46 Ill., p. 9; Taylor on Corporations, Sec. 145; American and English Encyclopedia of Law, p. 198, notes at foot. But while we have not been inattentive to these questions urged by plaintiff we do not think we are called on for any determination of these issues, and omit any expression of opinion in reference to them.
Our jurisdiction is fixed by the amount involved and in other cases by the nature of the contestation.. We have none in this case by reason of the amount. Of questions of taxation we have jurisdiction only when the legality or constitutionality of a tax imposed by a municipal corporation is involved. Art. 81. The question whether there was any authority for the organization of this corporation, or compliance by it with statutory requirements, is not submitted to us by the Constitution. If not a municipal corporation our jurisdiction is excluded; if a corporation the legality or constitutionality of the tax is within our jurisdiction.
This view directs our attention to the defence, that under the law the municipal corporations created under the act of 1882 have no power to levy taxes. But the Legislature, by general act, has conferred that power on all municipal corporations. We have affirmed the constitutionality of the acts. Act No. 109 of 1882; Town of Alexandria vs. White, 46 An. 449; 1 Dillon, Ch. 19, Sec. 590.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.