(45 South. 438.)

No. 16,763.

COREIL v. TOWN OF WELSH et al.

(Jan. 9, 1908.)

1. COURTS—SUPREME COURT—JURISDICTION.

The clause of the Constitution directed against illegal fines, forfeitures, and penalties confers jurisdiction in the present case.

On the Merits.

2. MUNICIPAL CORPORATIONS — ORDINANCES— CHARTER.

Under its police power as conferred by the first charter of the town, it had the right to adopt an ordinance with the view of putting an end to the nuisance committed by horned cattle running in the town.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1336.]

3. SAME—CHARTER—AMENDMENT.

The amendment of the original charter is considered as binding, although the whole amendment was submitted to the electors and adopted as one amendment, and although it was not specially numbered. Besides, the objection in argument has but little force, in view of the fact that the question is not raised in the pleadings.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 123, 124; vol. 46, Trial, § 284.]

4. SAME—AUTHORITY TO ADOPT ORDINANCE.

Under both the original charter and the amendment there was a delegated authority in the town sufficient to authorize it to adopt the ordinance attacked.

5. SAME—NUISANCE.

The town has authority to defend itself against nuisances, not the least of which are cattle running through the streets, squares, and other public grounds.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1336.]

(Syllabus by the Court.)

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Edmund Dennis Miller, Judge.

Action by L. M. Coreil against the town of Welsh and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Pujo, Moss & Sugar, for appellant. McCoy, Moss & Knox, for appellees.

BREAUX, C. J. This was an action to recover possession of a steer valued at $15, impounded under an ordinance adopted to get rid of cattle in the town.

Motion to Dismiss the Appeal.

The defendant and appellee moved to dismiss the appeal on the grounds: First, that the appeal bond is illegal, being for an amount (defendant alleges) less than the law requires; second, that no ordinance of a municipal corporation has been declared unconstitutional.

In reference to the first ground, to wit, the alleged illegality of the appeal bond, it is easily disposed of; for it is settled that a motion to dismiss for informality in the appeal bond, insufficiency of the bond, or irregularity in the order of the appeal, or want of the latter, must be filed within three days after the record is filed. State v. Callac, 45 La. Ann. 27, 12 South. 119.

With reference to the second ground, to wit, that no ordinance or charter has been declared unconstitutional, under the article of the Constitution fixing jurisdiction of this court, it has jurisdiction in all cases "in which the constitutionality or legality of any tax, toll or impost whatever, or of any fine, forfeiture or penalty imposed by a municipal corporation," is in issue.

In all that was done in this case it was for the purpose of imposing a fine or penalty on the owner of the steer or for the purpose of its forfeiture. The animal was in duriori casu, and it will pass out of the ownership and possession of the plaintiff if the proceedings attacked are declared legal. This involves its forfeiture—a change of ownership.

Moreover, in impounding an animal and demanding from the owner an amount before he can be allowed to retake possession of his property, there is a fine or penalty. The case falls under the clause of the Constitution quoted, and not under the clause in which defendant and appellee will have it in the contention of counsel for dismissal of the appeal. It being appealable under the former clause, it brings up all of the issues of the case regarding the asserted illegality of the steps taken to enforce an ordinance.

The motion to dismiss is therefore denied.

## Statement of the Case.

The contention on the part of plaintiff is that the town of Welsh is without authority to adopt an ordinance relative to the impounding of cattle; that it has no charter, save that adopted on May 1, 1888. It contains no such authority.

The town was incorporated on the last-mentioned date under authority conferred by Act No. 49, p. 60, of 1882.

The contention of plaintiff is that it is only under the act last cited that the town has any municipal authority.

It is part of the case to state that in 1889 an amendment was adopted by the electors of the town to the original charter adopted on the date before mentioned. The formalities prescribed by Act No. 110, p. 138, of 1880, under which the election was held, were generally followed.

But plaintiff's contention is that the amendment in question was not an amendment, but an entirely new charter.

Leaving the matter of the charter and its amendment out of consideration for a moment, we will state that the ordinance of the town authorizing the impounding of cattle running at large was adopted in 1903, and that if it did not have ample authority under the amendment there was sufficient authority for its adoption under the original charter.

We will state, also, as a part of the statement of the case, that the town of Welsh has a population of less than 2,000 inhabitants.

The propositions urged by plaintiff to sustain his contention are that there are no separate amendments or alterations to the original charter, for the reason that they were not properly numbered; that, on the contrary, the new charter was voted upon in its entirety; that the original charter created under the act of 1882 contains no provision authorizing the adoption of the ordinance, nor does the amendment of 1889, adopted by the voters that year. The further contention on the part of plaintiff is that the defendant derived no authority from the Lawrason act.

Learned counsel for plaintiff invites the court's attention to the fact that by Act 60, p. 141, of 1904, all cities in the state with a population of 2,000 have the power and authority to "regulate, restrict and prohibit by proper ordinance the running at large within the corporate limits all kinds of stock, to establish impounding pens, and to fix impounding fees"; that, this charter authority being confined to towns of 2,000 inhabitants and over, it follows that those of less than that number did not fall within that law at the time of its adoption; in other words, that by its effect there is no delegated power by the Legislature on the subject, save the power delegated under the act last mentioned, which does not include towns of less than 2,000 inhabitants; in other words, that if the power existed under Act No. 49, p. 60, of 1882, it was repealed by Act 60, p. 141, of 1904.

## Decision of the Issues.

It is very evident that on account of the limited number of inhabitants in Welsh—that is, being less than 2,000 in number—the town did not fall within the terms of the Lawrason act. We therefore dismiss that part of the case, and consider the issues with

reference to other acts than the one just referred to.

The town held an election in accordance with Act No. 49, p. 60, of 1882. It was preceded by the required petition, signed by a majority of the property taxpayers. The justice of the peace, as authorized by the statute, called the election. It was held, and due return made by the commissioners appointed to hold the election. There does not appear to have been any irregularity in the proceedings followed with a view of elevating the settlement of Welsh and taking it in the importance of a small town.

The trustees and mayor elected met in March, 1888, and submitted a charter, to be adopted by the electors of the town, which had received a majority of the votes. With the evidence before us we are of opinion that the charter is sufficient governing authority of the town as relates to the nuisance charged. Section 9 of this charter reads as follows:

"That the mayor and board of trustees shall adopt such regulations as they may deem proper for the suppression of nuisances and to provide for the punishment of disorderly persons, either by fine or imprisonment or both; said fines not to exceed fifty dollars and imprisonment not to exceed thirty days."

Under the authority thus conferred the mayor and council adopted Ordinance 97 relative to the impounding of animals and to put a stop to their running at large in the town. To that end a penalty was prescribed.

But the plaintiff denies that the power to suppress nuisances gives the power to impound animals.

We can only say in answer that the purpose in this instance, as made to appear by the testimony, was to prevent a nuisance. The testimony was that the stock was running at large and was a nuisance. Good reasons are given why it was a nuisance. There is no evidence to the contrary on the subject. The nuisance of animals running at large can be abated. Dillon on Municipal Corporations (3d Ed.) § 402; Smith on Municipal Corporations, § 621; Beach, § 1142.

In the case of City of Opelousas v. Norman, 51 La. Ann. 736. 25 South. 401, the court was asked to declare that it was beyond the authority of a municipality to enact an ordinance declaring that the stated number of cattle kept within the limits of the town at any one place was a nuisance. The court declined to sanction the contention, and held that, if it was manifest that the thing of itself was a nuisance, the town, in the exercise of its police power, may make regulations for its abatement.

In another case it was decided that the power to suppress a nuisance extended much further than it is necessary to hold in this case; that the mere smoking of a cigar in a street car was a nuisance, although there was no delegated power regarding smoking. The power delegating authority referred to nuisance in name.

We also find support in the case of City of Monroe v. Gerspach, 33 La. Ann. 1011, in which it was decided that a nuisance may be suppressed, although not named in words in the delegation of power in accordance with which the municipality had acted.

Although we might stop here, we take up the question of the amendment of the charter adopted in 1889 objected to by plaintiff on the ground that it was not legal, as plaintiff urged it was not adopted strictly according to the requirement of Act No. 110, p. 138, of 1880, by specially stating, as required by said act, that the electors were called upon to vote for (to quote from the Act) "first proposed amendment," and in like manner to the other amendments.

The omission of numbers referring to each amendment is not an illegality. All the amendments proposed were considered in the light of one amendment, and as thus presented it was voted upon and adopted.

But, conceding for a moment that the

amendment was not regularly adopted, we will here state that the amended charter was attacked in argument on appeal, and not by any plea. Under the circumstances of the case, and under the issues as presented, we do not feel called upon to set aside these amendments. There should have been a direct attack made upon them in the pleadings; in other words, there should have been plea pleaded setting forth the irregularity in this respect. But, passing that question, we will state, if the amendment was illegally adopted, then there was ample authority; for in one of the sections of the charter there is expressed authority. If it was not adopted as contended for by plaintiff, there still remained authority under the original charter. Although not as expressed, we have seen by the quotation inserted above that there was authority to suppress nuisances; ergo, to prevent cattle running at large, if they were a nuisance.

In reference to the repeal of Act No. 49, p. 60, of 1882, by Act No. 60, p. 141, of 1904, we have this further to say: That whatever there was of power under the first remained despite the adoption of the second. The legislator, in enacting the second, directed his attention to the larger towns, and in thus enacting he did not intend to, nor did he, repeal expressly, or by implication the first act. The legislation of the act of 1904 related only to the larger towns, and did not refer to the smaller ones.

Learned counsel for plaintiff states that this court in 49 La. Ann. 931, 22 South. 192 (Railroad v. Town of Kentwood), in passing upon the legality of an ordinance adopted by the town, used the following language:

"This view directs our attention to the defense that under the law municipal corporations created under the act of 1882 have no power to levy taxes; but the Legislature, by general act, has conferred that power on all municipal corporations."

None the less we see that under the general power conferred the municipality of Kent-

wood had the power to levy taxes under the general powers conferred on municipalities.

This opinion sustains our view, in that under the general law the municipality had the power of taxation, and here, under the general law as well, the municipality had the power to adopt an ordinance against nuisances. It had the authority, if it chose, to adopt necessary ordinances for the health and comfort of its inhabitants.

It may be held that a corporation has no power of taxation under its charter, and yet that it has under the general law, and that a corporation, as an incident of its existence, also has the right to protect itself against nuisances per se, or which must of necessity become nuisances if not checked by proper ordinances. In fine, there is no good reason why cattle should take part of the street to themselves, or occupy a space in the town, or should be permitted to smear sidewalks and public squares and create odors that are neither healthful nor pleasant. If a town cannot protect itself against such a nuisance, it is indeed poor.

We have given careful consideration to the case, and have found no good reason in law or fact which would justify us in setting aside the judgment.

For reasons stated, and the law and the evidence being favorable to defendant and appellee, the judgment appealed from is affirmed.

PROVOSTY, J., concurs in the decree.