The judgment appealed from is therefore affirmed.

---

(67 South. 831)

No. 20957.

MILLER v. BOPP.

(Feb. 23, 1915.)

*(Syllabus by the Court.)*

1. ANIMALS ⚙⟺50—POLICE JURY—POWER TO ENACT NO-FENCE LAW. .

The police jury of Webster parish has the power to enact a "no-fence" law for a particular ward of the parish. To what extent the roving of domestic animals shall be permitted, restrained, or suppressed is left by the statute to the discretion of the police jury.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 148–157; Dec. Dig. ⚙⟺50.]

2. ANIMALS ⚙⟺56 — RUNNING AT LARGE — PENALTIES — JURISDICTION OF SUPREME COURT.

Ordinances directing the impounding of domestic animals found running at large, prescribing charges for their taking up and keeping, and authorizing sales at public outcry to pay such charges, impose a "penalty" in the sense of article 85 of the Constitution, which vests jurisdiction in the Supreme Court in all cases where the constitutionality or legality of any fine, penalty, or forfeiture imposed by a municipal corporation shall be in contestation.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 181–189; Dec. Dig. ⚙⟺56.]

Monroe, C. J., and Provosty and O'Niell, JJ., dissenting in part.

*(Additional Syllabus by Editorial Staff.)*

3. WORDS AND PHRASES—"PENALTY"—"FORFEITURE"—"PENAL STATUTE."

"Penalty" or "forfeiture" does not necessarily imply a fixed sum, but anything imposed as a punishment. A statute properly designated as penal is one which inflicts a forfeiture of money or goods by way of penalty for a breach of its provisions. Penalty is a punishment prescribed by law for its violation. The term is mostly applied to a pecuniary punishment, but it is not exclusively so. It is the suffering, in person or property, which is annexed by law to the commission of a crime, an offense, or a trespass as a punishment (quoting Words and Phrases, Penalty; Penal Law).

MILLER v. BOPP

Appeal from Second Judicial District Court, Parish of Webster; John N. Sandlin, Judge.

Action by A. A. Miller against F. L. Bopp. From judgment for defendant, plaintiff appeals. Affirmed.

Wimberly, Reeves & Dormon, of Shreveport, for appellant. Lynn K. Watkins, of Minden, for appellee.

LAND, J. Under a police jury ordinance prohibiting the running at large of "all stock, cattle, cows, horses, mules, hogs, goats, sheep and geese" within the limits of ward 4 of the parish of Webster, the defendant took up 22 head of hogs, found running at large and trespassing on his premises, and demanded of the plaintiff, owner of the animals, payment of charges for keeping them as fixed by the ordinance. Plaintiff refused to pay said charges, and thereupon the defendant gave public notice that he would sell said hogs in the manner provided by the ordinance aforesaid to pay charges and penalties; the balance, if any, to be paid to the parish treasurer for account of the owner.

Plaintiff, as owner, enjoined the sale of the animals, and sued the defendant for damages, on the ground that the police jury had no authority to pass such an ordinance for a particular ward; that the ordinance discriminated against the plaintiff, because live stock were permitted to rove at large in other wards, and, if said ordinance were permitted to stand, it would deprive the petitioner of his property without due process of law.

The answer was, in effect, that the ordinance was approved by a large majority of the voters of the ward, and was in all respects legal and constitutional.

There was judgment in favor of the defendant rejecting plaintiff's demands and dissolving his injunction, with costs. Plaintiff has appealed.

The ordinance in question authorized any and all persons in ward 4 of Webster parish to take up and confine in a proper manner all animals of the kind above described found roving or running at large in said ward, and to make certain charges per head for taking up and giving notice to the owner, and for care and keeping such animals. The ordinance further authorized the person impounding the animals to hold the same until the charges were paid in full, and, on the failure or refusal of the owner to pay the said charges, to sell the animals to the highest bidder at public auction, after posting for ten clear days.

The record shows that the defendant notified the plaintiff of the impounding of the hogs, and that the latter refused to pay the charges imposed under the ordinance, and enjoined the sale of the animals. Defendant bonded the injunction and, after the prescribed notice, sold the hogs at public outcry for $60, out of which he retained $32 for charges, and deposited the balance of $28 with the parish treasurer to the credit of the plaintiff.

[2] During the argument the question of the jurisdiction of this court was suggested, and we are bound to consider it on our own motion.

This court has jurisdiction in all cases where the constitutionality or legality of any fine, penalty, or forfeiture imposed by a municipal corporation is in contestation. Const. art. 85.

[3] The question for solution is whether the police jury ordinance in question imposes a penalty or forfeiture.

" 'Penalty' or 'forfeiture' does not necessarily imply a fixed sum, but anything imposed as a punishment." Words and Phrases, vol. 6, 5273.

"A statute properly designated as penal is one which inflicts a forfeiture of money or goods by way of penalty for a breach of its provisions." Id.

"Penalty is the punishment inflicted by law for its violation. The term is mostly applied to a pecuniary punishment, but it is not exclusively so." Id. 5274.

"The suffering, in person or property, which is annexed by law to the commission of a crime, an offense, or a trespass as a punishment." Id.

We therefore have jurisdiction of this appeal, but it is limited to the question of the legality or constitutionality of the ordinance in question. Mayor, etc., of the Town of Homer v. Brown, 117 La. 425, 41 South. 711.

[1] The illegality alleged in the petition is that the police jury—

"have no authority to pass such an ordinance for a particular ward; that their powers are general; that said ordinance discriminates against plaintiff and is greatly to his injury."

The ordinance in question was adopted under section 2743 of the Revised Statutes of 1870, as amended and re-enacted by Act No. 202 of 1902, which, as far as pertinent to the issue before us, reads as follows:

"The police juries shall have power to make all such regulations as they may deem expedient: * * * Fifth. To pass all ordinances and regulations which they shall deem necessary in relation to the marking the sale destruction of cattle in general and especially of wild cattle which are not marked; and also of horses and mules; and to take any measure concerning the police of cattle in general in all the cases not provided for by law; to fix the time in which cattle may be suffered to rove in the parishes of this state, where that custom prevails, so that such roving may not be detrimental to crops; to determine what animals shall not be suffered to rove, and in what cases they may lawfully be killed."

The above was copied from paragraph 5 of section 2743 of the Revised Statutes of 1870. The first part of this paragraph, down to and including the words "by law," was taken from section 3 of the act approved February 2, 1825 (Acts 1825, p. 64), which indicates that wild cattle were then common in this state. The remainder of the paragraph was new legislation intended to restrict, and even suppress, the roving of animals to the detriment of agriculture.

Paragraph 4 of Act No. 202 of 1902 reads as follows:

"As to the form and height of inclosures or fences, whenever they may think proper to require the proprietors to inclose any ground."

Ever since the adoption of the Revised Statutes of 1870, police juries have enacted ordinances, from time to time, prohibiting the roving of live stock in certain wards or sections of the parishes, and the validity of such regulations was never questioned until the institution of this suit. Plaintiff's contention that the ordinance now under consideration is illegal, because it does not apply to the whole parish, is, we think, without merit.

The statute vests in police juries the power to make all such regulations as they may deem expedient "concerning the police of cattle in general"; to restrict the roving of cattle, where that custom prevails, so that such roving may not be detrimental to crops; to determine what animals shall not be suffered to rove; and to require the proprietors to inclose any ground with fences of certain form and height. The main object of the restriction or suppression of the roving of domestic animals being for the protection of crops, it is manifest that the statute was never intended to apply to sections composed of marsh, swamp, or other lands, fit only for pasturage or the growing of trees. The contention of the plaintiff, if maintained by this court, would simply render paragraph 5 of section 2743, as re-enacted, inoperative in nearly every parish of this state. The Legislature has wisely left to police juries the discretion to determine, in view of local conditions, to what extent domestic animals shall be permitted to run at large.

Judgment affirmed.

MONROE, C. J. I concur upon the question of jurisdiction, but dissent upon the other questions decided.

PROVOSTY and O'NIELL, JJ., dissent on the question of jurisdiction, but concur on the merits.