THOMPSON, J.
 

 The police jury of the parish of Richland adopted an ordinance effective on and after January 1, 1929, making it unlawful for certain animals, including mules, to run at large within the limits of said parish, excepting from its provisions the incorporated municipalities.
 

 The ordinance made it a misdemeanor for any owner, etc., to permit or to allow any such animals to run at large, and provided a fine of not less than five nor more than one hundred dollars or imprisonment not less than 1 day nor more than 30 days, or both such fine and imprisonment.
 

 The ordinance further authorized and directed the sheriff and his deputies and the constables of the various wards to take up and impound any animal® of the kind described found running at large, and, after a delay of three days allowed for the owner to come forward and redeem his property ,on paying certain charges, to advertise the said live stock for sale — the said advertisement to be made in the official journal for ten days, and the sale to be without appraisement.
 

 There are other provisions of the ordinance fixing certain fees and providing for the reclaiming of the property' by the owner at any time before the sale on his paying ¿11 costs and charges.
 

 Thereafter another ordinance was adopted providing for the enforcement of the prior ordinance through three inspectors or range riders and one inspector or range rider in chief haying supervision over the other three.
 

 These inspectors or range, riders were authorized to take up and to impound all live stock found running at large, and to advertise and sell the same in accordance with existing laws.
 

 There are other provisions of the ordinance fixing fees and charges and the salaries of the inspectors which it is unnecessary to set out here in detail.
 

 About the 15th of February, 1929, the chief range rider or inspector seized and caused to be impounded a mule belonging to the plaintiff, and thereafter proceeded under the ordinances mentioned to advertise the said mule for sale.
 

 Whereupon the plaintiff applied for a preliminary injunction to prevent the sale of the mule. The police jury and chief range rider were made parties defendant.
 

 A rule nisi was issued to which the defendant filed an exception of misjoinder and an exception of no cause of action, and these were followed by an answer of both defendants.
 

 On a trial of the rule, the exception of no cause of action was sustained and the preliminary injunction denied.
 

 It was suggested in conference, though no motion to dismiss was filed, that this court "was without jurisdiction because no ordinance of a parish, municipal corporation, board, or subdivision of the state, or a law of the state, had been declared unconstitutional, and that the impounding of animals found run
 
 *1017
 
 ning at large and their sale was not a penalty, fine, or forfeiture within the meaning of the Constitution conferring appellate jurisdiction on the Supreme Court.
 

 It is alleged that each of the ordinances of the police jury is illegal, unconstitutional, and therefore ultra vires, for the reasons set out in the petition. Therefore, if the taking up and impounding one’s live stock and its sale under the ordinances is a penalty, fine, or forfeiture within the meaning of the Constitution, then this court has jurisdiction of this appeal, because the constitutionality and legality of the ordinances was the subject-matter in contestation.
 

 The fourth paragraph of section 10 of article 7 of the Constitution vests this court with appellate jurisdiction without • regard to amount, wherever the legality or constitutionality of any fine, forfeiture, or penalty imposed by a parish or municipal corporation, shall be in contestation.
 

 In construing a similar provision of the Constitution of 1898 this court held in Miller v. Bopp, 136 La. 788, 67 So. 831, that ordinances directing the impounding of domestic-animals found running at large, prescribing charges for their taking up and keeping, and authorizing sales at public outcry to pay such charges, impose a penalty in the sense of the article of the Constitution which vests jurisdiction in the Supreme Court. We therefore have jurisdiction of this ease.
 

 The main ground of attack on the ordinances is (1) that the police jury was without authority to authorize or direct the taking up of animals and to sell them, which were found running at large, because the Legislature has not conferred such power, and (2) because the ordinances do not provide for any notice to the owner of such seizure and •impounding.
 

 It is sufficient answer to the first contention to say that the authority for the action of the police jury is to be found in section 2743 of the Revised Statutes of 1870 as reenacted by Act 202 of 1902 and Act 234 of 1928.
 

 The authority has been recognized by this court in the Miller v. Bopp Case, supra, and State v. Orr, 152 La. 1032, 95 So. 211.
 

 It is true that, while the police juries are specially authorized to determine the quantum of fines against all such as shall transgress their regulations, the statutes do not specifically authorize the impounding and sale of animals found running at large in violation of its ordinances.
 

 There can be no doubt, however, that the authority to adopt a no fence law and to prohibit animals from roaming at large necessarily includes the authority to provide a method for taking up and disposing of the outlawed animals in addition to the punishment provided against the owner.
 

 If this were not so, then the statute in this respect would be a dead letter — a law without an adequate remedy of enforcing it. A penalty against the owner alone would not suffice, because in many instances the owner would not be known at the time the animals are found at large, and, if the animals themselves could not be taken up, the ordinance could not be enforced.
 

 It cannot be properly said that the penalty against the owner is exclusive of all authority to otherwise provide for enforcing the ordinance.
 

 The failure of the ordinances to provide for notice to the owner when his animals are seized and detained is the more serious question presented.
 

 The ordinances give three days for the owner to come forward, pay the charges and
 
 *1019
 
 obtain the release of- his property, bnt nowhere is' provision made for notice of such ■a seizure. The mere granting of a three-day delay before advertising the property to enable the owner to reclaim his property without giving him a notice that his property has been taken .up is doing a vain and useless thing.
 

 It is conferring no right at all, and the • ordinance might as well have provided for the immediate advertisement of the property for sale as soon as taken up.
 

 The counsel.for the police jury have referred to no authority, and we know of none, which authorizes or justifies the seizure of one’s property under any kind of process without giving á notice in some prescribed form or manner of such seizure.
 

 . In the matter of ordinary seizures, whether under the conservatory writs, executory process, or in the execution of judgments, the seized debtor is required to be given notice before his property can be sold to satisfy his debts.
 

 In every instance in which we have been called upon to consider an ordinance of the nature here involved, the ordinance provided for notice to the owner when his property is taken up in order that he might present the advertisement and sale of his property by paying the accrued costs and charges.
 

 Such a notice could very readily be given either in person or by proper publication, where the owner is unknown.
 

 The failure to provide for such notice in the ordinances under consideration strikes them with inherent nullity.
 

 In this sense and to this extent the ordinances cannot be regarded as due process of :law.,-. ....
 

 The judgment appealed from is- reversed, and- the ease is remanded to the lower court, with instructions to issue the preliminary injunction and to otherwise proceed with the case in keeping with the views herein expressed.
 

 The costs of this appeal to be taxed against the defendants, and all other costs to. await the final action of the lower court.