FOURNET, Chief Justice.
This Court sua sponte takes notice of its lack of jurisdiction of this appeal, proseecuted by citizens of aiid live-stock owners in the Fourth Ward of the Parish of Washington, residing outside the corporate limits of the City of Bogalusa, from a' judgment dismissing their suit to have declared null and void an ordinance of the Police Jury of that Parish, adopted July 11, 1951, known as the “No Fence Ordinance,” prohibiting “horses, mules, cattle, hogs, sheep or goats from- running, or being at large, on any of the public highways or commons, or any private land other than that of the owner of-such animals, in the Fourth Ward of Washington Parish, Louisiana (City of Bogalusa excepted), prescribing penalties for the violation of this Ordinance, and the method of procedure in such cases * * * ” — claiming that the Police Jury is without authority on its own initiative to adopt such an ordinance since the ■law under which it undertook to act, LSA-R.S. 33:1236(5), was repealed and superseded by the subsequent adoption by the Legislature of 1950 of Act 443, incorporated as LSA-R.S. 3 :2801; and that, moreover, the ordinance, for stated reasons, is unconstitutional — there being no amount in dispute and the case not falling within the other provisions of the Constitution by which appellate jurisdiction is vested in this Court.
. Appellants’ contention , that the Court is vested with jurisdiction under the provisions of the Constitution .that “It shall have appellate jurisdiction in all case.s * * * where the legality, or constitutionality-of any fine, forfeiture,-or penalty imposed by ■ a parish, municipal corporation, •board, or subdivision of the State shall b.e in contest, whatever may be ,the; amount thereof” Article 7, Section 10, citing the cases of Miller v. Bopp, 136 La. 788, 67 So. 831, and Boykin v. Police Jury, 169 La. 1014, 126 So. 511, is without merit.' Clearly there has been no forfeiture of the plaintiffs’ property, nor has a fine or penalty been imposed upoii them; consequently, it cannot be said in this case that there is in contest the legality or constitutionality of a fine, forfeiture or penalty.
•While there may be language in the opinions relied on by the plaintiffs which, taken without reference to the facts under consideration by the Court in those cases, would seem to-favor the plaintiffs’ contention, we think the holdings clearly support our conclusion. Unlike the case here under consideration, in both cases stock belonging to the plaintiffs had been impounded— in the-’ Bopp case, 22 hogs, by the owner of the property on -which the animals had been trespassing, and in the Boykin case, a mule, by a range rider charged with the duty of seizing certain stock found running at large — and the plaintiffs were seeking to enjoin the sale of their property under the provisions,of police jury ordinances, au *707 thorizingi such action; and this Court, in entertaining jurisdiction of the appeals, held that the taking and impounding of an owner’s live stock with the impending sale thereof under an ordinance is a fine, forfeiture or penalty, within the meaning of the Constitution — the illegality or unconstitutionality of the ordinance merely forming the basis therefor.
By virtue of the authority vested in this Court by LSA-R.S. Í3:4441; 13:-4442, it is ordered that this case be transferred to the Court of Appeal, First Circuit, the transfer to be made within 30 days after this decree has become final; otherwise the appeal is to be dismissed; the appellants to pay the costs of the appeal to this Court and the costs of transferring the case to the Court of Appeal; all other costs to'await the final disposition of the case.