AYRES, Judge.
The Village of Sikes instituted this action to recover of the defendant an impounding fee of $14 charged against him for the impounding of 14 head of defendant’s cattle found roaming at large in the corporate limits of the municipality in violation of an ordinance prohibiting the running at large within said corporate limits of certain designated animals, including cattle, providing for the impounding of such animals, the fixing of the charges for such impounding and keeping of the animals, and authorizing their sale to pay such expenses.
From a judgment condemning defendant to pay the aforesaid charges and costs of court, he has appealed.
In answer to plaintiff’s demands, defendant denied owing plaintiff the aforesaid impounding fees and denied the existence of plaintiff as a municipal corporation or that its boundaries or limits had ever been fixed, determined or designated, or that his cattle were impounded within the purported boundaries of said municipality, and further plead the invalidity and unconstitutionality of the ordinance under which the Village proceeded to impound his cattle and under which it sought to collect the aforesaid fees. The impounding fees are brought in contest by virtue of an attack upon the constitutionality of the ordinance, which attack is predicated upon the contentions (1) that the territory over which the ordinance was to have effect had never been determined by a designation of the boundary limits of the municipality and (2) that there was no compliance with the statute pertaining to municipal regulation of livestock running at large, (LSA-R.S. 3:2531 et seq.) in that no election was called or held, or, if called or held, that the proposition submitted was not carried in said election.
Appellee has moved in this court for a dismissal of the appeal on the ground that the amount in contest is below the jurisdictional amount upon which appellate jurisdiction is conferred upon this court under Article 7, Section 29 of the Constitution-LSA. We find no merit in the motion. As will be hereafter pointed out, appellate jurisdiction in the instant case is not dependent upon the amount in contest. Therefore, the cited Constitutional provision is inapplicable. Rather, we think the appeal is governed by Article 7, Section 10, Paragraph 5 of the Constitution appertaining to appeals to the Supreme Court. The pertinent portion of this provision states:
“It (the Supreme Court) shall have appellate jurisdiction in all cases * * * where the legality, or constitutionality of any fine, forfeiture, or penalty imposed by a parish, municipal corporation, board, or subdivision of the State shall be in contest, whatever may be the amount thereof, * * (Emphasis supplied.)
In Coreil v. Town of Welsh, 120 La. 557, 45 So. 438, plaintiff brought an action to recover a steer impounded under an ordi *399 nance adopted to prohibit the roaming at large of cattle in the town. From an adverse judgment, plaintiff appealed to the Supreme Court and defendant moved for its dismissal for the reason, among others, that no ordinance of the municipal corporation had been declared unconstitutional. In sustaining the appeal, the court stated:
“In all that was done in this case it was for the purpose of imposing a fine or penalty on the owner of the steer or for the purpose of its forfeiture. The animal was in duriori casu, and it will pass out of the ownership and possession of the plaintiff if the proceedings attacked are declared legal. This involves its forfeiture — a change of ownership. Moreover, in impounding an animal and demanding from the owner an amount before he can be allowed to retake possession of his property, there is a fine or penalty.” (Emphasis supplied.)
Accordingly, the appeal to the Supreme Court was sustained under the provisions of the Constitution then fixing appellate jurisdiction in that court in all cases ^ * * in which the constitutionality or legality of any tax, toll or impost whatever, or of any fine, forfeiture or penalty imposed by a municipal corporation’’ is an issue.
Apposite here is the ruling in Miller v. Bopp, 136 La. 788, 67 So. 831, wherein it was held that ordinances directing the impounding of domestic animals found running at large, prescribing charges for their taking up and keeping, and authorizing sales at public outcry to pay such charges, impose a “penalty” in the intent of the constitutional provisions which vest jurisdiction in the Supreme Court in all cases where the constitutionality or legality of any fine, penalty or forfeiture imposed by a municipal corporation shall be in con-testation.
A similar ruling was made in Boykin v. Police Jury of Richland Parish, 169 La. 1014, 126 So. 511, 512, wherein it was held that under the provisions of the present Constitution the Supreme Court is vested with appellate jurisdiction without regard to the amount involved wherever the legality or constitutionality of any fine, forfeiture or penalty imposed by a parish or municipal corporation shall be in contestation. In so holding, the court stated:
■ “In construing a similar provision of the Constitution of 1898 this court held in Miller v. Bopp, 136 La. 788, 67 So. 831, that ordinances directing the impo%mding of domestic animals found ncnning at large, prescribing charges for their taking up and keeping, and authorizing sales at public outcry to pay such charges, impose a penalty in the sense of the article of the Constitution which vests jurisdiction in the Supreme Court. We therefore have jurisdiction of this case.” (Emphasis supplied.)
The instant case is distinguishable from Sheridan v. Washington Parish Police Jury, 222 La. 704, 63 So.2d 609, as that case was distinguished from the Boykin and Miller cases. In the Sheridan case, no animals had been impounded and no charges had been assessed. An action had been merely instituted for the purpose of having the stock law ordinance declared null and void as unconstitutional. Under such circumstances, the court stated:
“Clearly there has been no forfeiture of the plaintiffs’ property, nor has a fine or penalty been imposed upon them; consequently, it cannot be said in this case that there is in contest the legality or constitutionality of a fine, forfeiture or a penalty.
“* * * and this Court, in entertaining jurisdiction of the appeals, (that is, in the Miller and Boykin cases held that the taking and impounding of an owner’s live stock with the impending sale thereof under an ordinance is a fine, forfeiture or penalty within the meaning of the Constitution the illegality or unconstitutionality of *400 the ordinance merely, forming the basis therefor.” (Emphasis supplied.).
It follows, therefore, that this court is without jurisdiction of this appeal, the jurisdiction of which is vested in the Supreme Court.
Therefore, by virtue of the authority vested in this court by LSA-R.S. 13:4441— 4442, it is ordered that this appeal be transferred to The Honorable, The Supreme Court of the State of Louisiana, the transfer to be made within thirty (30) days after this decree has become final; otherwise, the appeal is to stand dismissed; the appellants to pay the costs of the appeal in this court, all other costs to await the final disposition of the case.
Appeal transferred to the Supreme Court.