GLADNEY, Judge.
Plaintiff, Harry C. Disbrow, instituted this suit for the recovery of a balance allegedly due for professional services rendered in staking an oil well. Recognition is also sought of a statutory lien under *413 the provisions of LSA-R.S. 9:4801 et seq. together with costs and attorney’s fees. Named defendants are L. C. Stevens, Inc. and L. C. Stevens, however, upon trial it developed L. C. Stevens, Inc. was nonexistent and not a proper 'party to the suit. There was judgment in accordance with plaintiff’s prayer for relief and L. C. Stevens has appealed.
Petitioner alleged that between the dates of March 1st and March 15, 1956, he, a licensed and registered engineer, pursuant to an oral contract with L. C. Stevens, made a survey and furnished a plat locating a well to be drilled in search of oil and gas in the Joyce Field of Winn Parish, Louisiana ; and that in connection therewith he rendered services valued at the sum of $463.50, of which amount $150 has been paid. It is further alleged there was a timely recording of the statutory lien.
The contention of L. C. Stevens, as reflected in his answer, is that when he entered into negotiations with Disbrow he assumed plaintiff was familiar with and experienced in the services to be rendered; that after the survey was completed and engineering plats delivered indicating the location of the proposed well, Stevens applied for a drilling permit and received a communication from the Department of Conservation of the State of Louisiana, dated April 9, 1956, refusing to grant his request for a permit to drill as the proposed location was not in accordance with Order No. 177-B, a spacing order pertaining to the Joyce Field, and it would be necessary to have the location of the well restaked to comply with the order. Disbrow, he asserted, was informed of the refusal to grant the permit but failed and refused to do the work necessary to comply with the order of the State Department of Conservation, and consequently he was forced to employ another surveyor to make the proper well location before he could secure a drilling permit. He admitted he had paid plaintiff $150, although' he insists he received no benefit from the services rendered.
The evidence adduced upon the trial consisted in the main of testimony by Harry C. Disbrow and L. C. Stevens. Claude E. McMath likewise testified. The latter, a registered civil engineer, testified he staked the subject well at the request of Stevens for which he made a charge of $60. He stated he was enabled to make such a charge for his services because of his prior knowledge of exterior property lines derived from his experience in surveying in the Joyce Field. He agreed the charges by Disbrow were in line with usual charges for such engineering services.
Disbrow testified he was engaged to make the well location by L. C. Stevens in the presence of C. E. Simmons and one Messinger. He said Messinger made sketches to show the exact location of the well desired and plaintiff took notes of the directions. Disbrow declared these directions were given with the approval of Stevens and the well was located by him exactly in accordance with those instructions. Stevens testified all he desired from the services requested of Disbrow was to locate the well so that a permit would be obtainable from.the Department of Conservation. He does not deny, however, that Disbrow was given specific instructions as to the location of the well.
In support of his' contention counsel for appellant particularly relies upon two articles of the LSA-Civil Code, Articles 2037 and 2769, which provide:
Art. 2037:
“Every condition must be performed in the manner that it is probable that the parties wished and intended that it should be.”
Art. 2769:
“If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ' ensue from his noncompliance with his contract.”
*414 It is argued Disbrow did not perform in accordance with the terms of the contract. On the other hand, plaintiff’s contention is that he performed exactly as he was directed.
If, arguendo, Stevens had requested the well to be located in a stated governmental subdivision in accordance with spacing regulations for the Joyce Field as promulgated by the State Department of Conservation, we would be justified in holding Disbrow failed to comply with the terms of his agreement. Such an obligation would have required the engineer to adhere to all surveying regulations prerequisite to obtaining a permit to drill and, therefore, if he failed in this regard he would fail to perform his contract. But, we think a contrary ruling is indicated where the obligor is engaged to perform subject to specific directions and performance was in the manner so prescribed.
The testimony of plaintiff and Stevens is in conflict insofar as it concerns negotiations for restaking the well to avoid the objection by the Department of Conservation. Stevens testified he telephoned plaintiff the contents of the letter from the Department of Conservation but thereafter plaintiff did nothing further. Disbrow says he indicated his willingness to give satisfaction and in support of his testimony filed in evidence a copy of a letter to this effect, dated May 17, 1956, addressed to Stevens. The latter appears to have ignored this letter though, and proceeded to engage McMath to restake the well.
It is our finding that plaintiff was employed to stake the well at a point specifically designated by Stevens and the survey accomplished this. Disbrow, therefore, performed the work in the manner directed and thus complied with the terms of the contract. We think Stevens fails to present a meritorious defense by merely showing that the location as made by Dis-brow was of no use to him for it did not meet the requirements of the Department of Conservation.
The issues presented herein largely involve questions of fact. Accordingly we are reluctant to reverse the ruling of the trial judge who had the better opportunity to appraise the testimony of the several witnesses in the case. A legal principle frequently followed by this court is that a strong presumption of correctness attaches to the findings of the trial court on questions of fact, and its conclusion thereon will not be disturbed in the absence of obvious or manifest error. Toney v. Burris, La.App.1950, 45 So. 438; Reeves v. Caillouet, La.App.1950, 46 So.2d 373.
It follows from our finding as herein-above set forth, that the judgment from which appealed should be and is hereby affirmed at appellant’s cost.