AYRES, Judge.
This is an appeal from a judgment decreeing the forfeiture and ordering the destruction, under the authority of L.S.A.R.S. 26:711, 712, commonly known and referred to as the “Blind Tiger Act,” of a quantity of intoxicating liquors.
The record establishes that Virgil Anderson, a resident of Ward Four of Caldwell Parish, Louisiana, was charged, tried, and convicted under the provisions of L.S.A.-R.S. 26:158, which provides that
“No person shall sell or keep for sale any alcoholic beverages for beverage and business purposes in any subdivision of the state where the sale of alcoholic beverages is prohibited by law or ordinance.”
Effective as of January 1, 1959, the sale of alcoholic beverages for beverage purposes was prohibited in the aforesaid Ward and Parish by an ordinance of the Police Jury. The intoxicating liquors involved were seized April 4, 1959, in a sheriff’s “raid” on defendant’s place of business, the business comprising, among other things, a grocery store. These liquors were likewise the basis for the charges filed against the defendant, and his subsequent conviction.
The defendant and the intervenor, as the alleged owners of the liquors involved, opposed the forfeiture and destruction thereof on the ground that the “Blind Tiger Act” is without application except where one is charged and convicted under that statute for keeping a “blind tiger,” which is defined as
*103 “ * * * any place in those subdivisions of the state in which the sale of alcoholic beverages is prohibited where such beverages are kept for sale, barter, or exchange or habitual giving away, whether in connection with a business conducted at the place or not.”
Defendant and intervenor further contend that the forfeiture and destruction of their aforesaid property, as sought to be done, would constitute an illegal deprivation of their property in violation of the Constitutions of both State and Nation.
The relator, appellee, in a motion to dismiss the appeal, contends
“That the Court of Appeal is without jurisdiction in this cause for the reason that the cause presented is a forfeiture under L.S.A.-R.S. 26:712 and hence under Art. 7, Sec. 10 of the Louisiana Constitution [LSA] the Supreme Court of the State of Louisiana has exclusive jurisdiction in all cases wherein the legality of a forfeiture imposed by a sub-division of the State shall be in contest.”
No contention is made, nor could it be successfully urged, that the objective of the proceedings is the forfeiture and destruction of property allegedly owned by defendant and the intervenor. The pertinent provision of the statute, as amended by Act 138 of 1952, immediately following the penalty provision, provides:
“In any case the court shall order the alcoholic beverages found in the blind tiger destroyed or shall order the sheriff to sell same at public sale in a parish where such sales are not prohibited by law, to the highest bidder after due advertisement for ten days in the official journal of the parish; the net proceeds of such sales shall be turned over by the sheriff to the general fund of the parish in which the beverages were seized and sold.”
The Constitution, Art. 7, Sec. 10, Par. 5, provides, with reference to the jurisdiction of the Supreme Court:
“It shall have appellate jurisdiction in all cases * * * where the legality, or constitutionality of any fine, forfeiture, or penalty imposed by a parish, municipal corporation, board, or subdivision of the State shall be in contest, whatever may be the amount thereof, * * *.”
In Coreil v. Town of Welsh, 120 La. 557, 45 So. 438, plaintiff brought an action to recover a steer impounded under an ordinance adopted to prohibit the roaming at large of cattle in the town. From an adverse judgment, plaintiff appealed to the Supreme Court and defendant moved for a dismissal of the appeal for reasons, among others, that the ordinance of the municipality had not been declared unconstitutional. In sustaining the appeal, the court stated:
“In all that was done in this case it was for the purpose of imposing a fine or penalty on the owner of the steer or for the purpose of its forfeiture. The animal was in duriori casu, and it will pass out of the ownership and possession of the plaintiff if the proceedings attacked are declared legal. This involves its forfeiture— a change of ownership.”
Accordingly, it was held that the clause of the Constitution directed against illegal fines, forfeitures, and penalties conferred jurisdiction upon the Supreme Court. See, also, Village of Sikes v. Smith, La.App., 99 So.2d 397. That provision of the Constitution is applicable here, and we accordingly find that while this court is without jurisdiction of the appeal, the Supreme Court has jurisdiction thereof. Therefore, we are not authorized to dismiss the appeal, but are required by L. S.A.-R.S. 13:4441 to transfer the appeal to the Supreme Court.
*104 Therefore, it is Ordered that this appeal be transferred to the Honorable, the Supreme Court of the State of Louisiana, the transfer to be made within 30 days after this decree becomes filial; otherwise the appeal is to stand dismissed; the appellants are assessed with the cost of the appeal to this court; all other costs are to await final disposition of the case.
Appeal transferred to the Supreme Court