Ruffin, C. J.
The recent case of Fairly v. McLean, 11 Ire. 158 is an authority in point, that the right to property in the notes could be transferred only by endorsement and delivery, and that trover will lie for them by the adminstrator of the payee against a donee by oral gift, though accompanied by delivery. The doctrine is well settled. Bayley on bills 18, Story’s Prom, notes, S. 120. No point was made at the trial about a demand by the admin, istrator, so as to render the detention of the notes wrongful, and it must therefore be assumed, that the defendant refused to deliver them up and claimed to keep them as his legal property under the gift, conditional or absolute, which he set up, which is a conversion, and renders the defendant liable in this action, provided the notes beloug to the plaintiff, as administrator. It was said, indeed, at the bar, that, if the notes cannot pass to the defendant but by endorsement, it is thereby established, that trover will not lie for them, as it is incident to that action, that a recovery therein of the value and satisfaction thereof vest the property, in the thing converted, in the defendant. That may be generally true, but it is by no means universally so ; since trover often lies for a conversionxby the *406 destruction of a thing. It is, moreover, w|ll settled, that trover will lie for a bond or note, although the former be not the subject of transfer at all; and further, that a recovery in trover for a note ©r bill and payment of the damages divest the property oat of the plaintiff, and, indeed, vest it in the defendant as between him and the plaintiff* Holmes v. Wilson, 10 Ad. and E. 511.
It is said, however, that the action does not lie, because, according to the terms of the bailment, it has not been determined by the return of the bailor. But his'death determines the bailment, unquestionably, so as to make the property, which was in him, vest in his administrator. What the defendant held for the intestate at the time of his death, he held, after that event, for the plaintiff as administrator. But it was argued, that it did not sufficiently appear, that the bailor was dead. The cirpum* stances constituted -evidence on which the jury might have found that person’s death, were it necessary that the plaintiff should have directly established it. But, in actions by administrators, the letters of administration, granted, as they are, by a domestic tribunal of exclusive jurisdiction, and remaining u nrevoked, are prima facie evidence of the death of the alleged intestate and the right of representing him. Moons v. DeBernoles, 1 Russ. 301.
Per Curiam, Judgment affirmed.