ALFRED POPPEN

*v.*

ISRAEL B. HOLMES.

1. SALE OF IMPOUNDED ANIMALS — *necessity of a judicial investigation.* The act of 1861, which gives to towns the power to restrain or prohibit the running at large of certain animals, and authorizes the distraining, impounding and sale of the same for penalties incurred, and the costs of the proceedings, does not give to towns the power to confer upon any of its officers authority to make sales of impounded animals except upon the contingency that penalties have been incurred.

2. But to ascertain whether a penalty has been incurred or not is a proceeding purely judicial in its character, and the power cannot be exercised by the pound-master by virtue of his office; nor can a town by its by-laws authorize the pound-master to sell property without a judicial ascertainment that some law has been violated.

3. And a sale of property by the poundmaster without such judicial ascertainment being first had, will not divest the owner of his title.

APPEAL from the Circuit Court of Stephenson county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

This was an action of replevin brought in the court below, by Israel B. Holmes against Alfred Poppen, to recover a horse claimed by the plaintiff as his property. The defendant claimed title by virtue of a sale of the horse by the pound-master of the town of Ridott, in Stephenson county, the horse having been impounded under certain by-laws of the town prohibiting the running at large of horses and some other animals during certain seasons of the year.

The sale was made by the pound-master without any judicial proceeding being had to ascertain whether any law had been

violated, and under authority alleged to have been conferred upon him by the by-laws of the town.

Those by-laws, after prohibiting the running at large of certain animals, and fixing the penalty for a violation thereof, and providing for impounding such animals as might be found at large, provide as follows:

"SEC. 6. On receiving any animal or animals into the pound, as above directed, the pound-master of the town shall give immediate notice thereof to the owner or bailee of said animals, if known, and request said owner or bailee to pay the costs and charges of distraining, impounding and taking care of said animal or animals, and all lawful fees of the pound-master, and take them away; and, in case the owner or bailee of said animal or animals so impounded, within six hours after *such* notice is given to him, her or them, fails or neglects to take away said animal or animals, and also to pay all costs and charges of taking up, impounding and taking care of said animal or animals in the pound, together with the lawful fees of the pound-master in respect to said animals, then such animal or animals shall be sold by the pound-master, as provided in the next succeeding section of these by-laws.

"SEC. 7. Whenever the pound-master of this town shall receive into the pound any animal or animals according to the preceding section of these by-laws, and shall have given the notice required in the next preceding section, and the owner or bailee of such animal or animals fails to pay the charges and costs in the next preceding section mentioned, and take such animal or animals away within the time required in said section, then it shall be the duty of the pound-master forthwith to advertise and sell said animal or animals so impounded at public auction, to the highest bidder, for cash in hand, and out of the proceeds of said sale to pay all the costs and charges of taking up, impounding and taking care of said animals in the pound, together with his fees in respect to the same, and the balance, if any there be, he shall pay to the owner of the animal or animals sold as aforesaid; the sale of any animal or animals,

impounded under the provisions of these by-laws, shall be conducted, as near as may be, according to the law regulating sales of property by constables, under execution from justices of the peace."

The finding of the court, before whom the trial was had, without a jury, was in favor of the plaintiff, and judgment was entered accordingly. Thereupon the defendant took this appeal.

Messrs. MEACHAM & COCHRAN, for the appellant.

Messrs. BAILEY & BRAWLEY, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The question presented by this record is, whether the sale of appellee's horse, by the pound-master of the town of Ridott, divested the title of the owner. The horse had been impounded because running at large in violation of the town by-laws. There were no judicial proceedings before a magistrate prior to the sale, but the pound-master, the day after impounding the animal, advertised it for sale "in satisfaction of fine and costs of proceeding."

The authority of towns upon this subject is derived from the following statute:

"The electors of each town shall have power, at their annual town meetings, * * * to restrain or prohibit the running at large of cattle, horses, mules, asses, hogs, sheep or goats; to authorize the distraining, impounding and sale of the same for penalties incurred, and the cost of the proceedings, and to determine the time and manner in which such animals may go at large." Sess. Laws 1861, pp. 221, 222.

It will be observed that the power to make sales is given only for penalties incurred and the cost of the proceedings; and a town cannot, by its by-laws, confer such authority upon its officers in any other contingency. But to ascertain whether a

penalty has been incurred or not, is a proceeding purely judicial in its character, and that power cannot be exercised by the pound-master by virtue of his office. The by-law may impose a reasonable penalty for the offense of allowing animals to run at large, may authorize the animals to be impounded, and may direct an inquiry to be had before a magistrate as to whether the penalty has been incurred, with a right of trial by jury. If it has been incurred, the magistrate may be directed to enter a judgment against the owner for the penalty and costs, and an order directing the pound-master to sell the property. If the owner is known, he should receive personal notice, and, if not known, there may be constructive notice to him, as the unknown owner of the impounded property, by posting, the property being described in the notices. A by-law thus framed would be free from objection; but one which authorizes the pound-master to sell property without a judicial ascertainment that some law has been violated, would confer upon the pound-master a species of power never contemplated by the statute above quoted, to say nothing of constitutional objections to its exercise.

*Judgment affirmed.*