No. 8091.

### SLESSMAN v. CROZIER.

PRACTICE.—*Agreed Statement of Evidence.*—*Motion for New Trial.*—When a case has been determined upon an agreed statement of facts, used as evidence, a motion for a new trial is necessary in order to bring up the question whether the decision was contrary to the law and the evidence.

TOWNS.—*Impounding Animals.*—Towns in this State have no power to provide by ordinance for the impounding and selling of animals found at large in their streets or other public places.

From the Whitley Circuit Court.

*W. Olds*, for appellant. ·

*T. R. Marshall* and *W. F. McNagny*, for appellee.

WOODS, J.—The appellant has assigned error upon the overruling of his motion for a new trial.

The appellee, citing *Fisher* v. *Purdue*, 48 Ind. 323, and *Carlton* v. *Cummins*, 51 Ind. 478, insists that the case was determined upon an agreed statement of the facts, and consequently that the ruling on the motion for a new trial presents no question.

The difference, however, between submitting a case upon an agreed statement, under the 386th section of the code (R. S. 1881, section 553), and the use of an agreed statement of facts as evidence upon the trial of issues, regularly formed, is manifest, and has been recognized in the decided cases. See *Downey* v. *Washburn*, 79 Ind. 242; *Martin* v. *Martin*, 74 Ind. 207.

The record in the case before us, which was commenced before a justice of the peace, and was for the recovery of possession of personal property, shows the waiver of the jury and submission by agreement of the parties to the court for trial, the use of the agreed statement as evidence, the offer of other evidence by each of the parties; and the court, instead of stating a conclusion of law, as in an agreed case, made a finding, upon which judgment was given for the defendant. A motion for a new trial was, therefore, not only proper, but necessary, in order to bring to this court the question whether the decision was according to the law and the evidence.

The appellee, as marshal of the town of Columbia City, had impounded and advertised for sale, under an ordinance of the town, some hogs of the appellant; and the question presented and discussed is, whether towns, incorporated under the general law of the State, have power to provide by ordinance for the impounding and sale of animals found at large in the streets and other public places within such towns.

Such power, if it exists, must be statutory. The statutory provisions pertinent to the question are the following:

" Sec. 22. The board of trustees shall have the following powers, viz.: * * * * *

" *Fourth.* To declare what shall constitute a nuisance and to prevent, abate and remove the same, and take such other measures for the preservation of the public health, as they shall deem necessary.

" *Fifth.* To restrain from running at large cattle, sheep, swine, or other animals. * * *

"*Sixteenth.* To make and establish such by-laws, ordinances and regulations, not repugnant to the laws of this State as may be necessary to carry into effect the provisions of this act, and to repeal, alter, or amend the same. * * *

"Sec. 23. Such board of trustees shall have power to enact fines, penalties and forfeitures for violations of this act, or of any by-law, or ordinance by them established, not exceeding ten dollars for any one offence, which may be recovered by action in the name of the corporation; but such board may remit the whole or any part of the fine, penalty or forfeiture: *Provided*, That the fine assessed for the violation of any ordinance requiring a license, shall not be less than the amount required to be paid for such license, although it may exceed the sum of ten dollars." 1 R. S. 1876, pp. 878-880; R. S. 1881, sections 3333 and 3346.

It being thus provided that the penalty for the violation of the law, or of an ordinance, shall be a fine, penalty, or forfeiture, not exceeding ten dollars, which may be recovered in an action in the name of the corporation, it is plain that the extraordinary power of impounding and selling, which is not expressly conferred, can not be implied.

"Where a corporation is empowered to enforce its by-laws in a special manner, as by fine, it is limited to the manner prescribed." Dillon Mun. Corp., section 270.

The power to forfeit, it has been held, "must be expressly conferred by the Legislature. And even if the power * * is conferred, still no person can, by ordinance, be deprived of his property by forfeiture without notice or without legal investigation or adjudication; an ordinance in violation of this principle is void, as 'contrary to the genius of our laws and institutions.'" Dillon Mun. Corp., section 279. *Cotter* v. *Doty*, 5 Ohio, 393; *Rosebaugh* v. *Saffin*, 10 Ohio, 31; *Miles* v. *Chamberlain*, 17 Wis. 460.

It is true that the word forfeiture is used in section 23, *supra*, but the context forbids a construction which would authorize the forfeiture of any property other than the fine, which

must be recovered in an action. Whether the power to impound and sell without notice to the owner and a judicial investigation, could be conferred, we need not inquire.

The ordinance in the record before us is one which the town clearly had no authority to adopt. It follows that the plaintiff was entitled to recover his property.

The judgment is therefore reversed, with costs, and with instructions to grant a new trial.