No. 161.

## JACQUAY v. HARTZELL.

MALICIOUS TRESPASS.—*Killing Dog.*—*Damages.*—One who wilfully and maliciously kills a dog which is not vicious or dangerous in its disposition and habits, and is not engaged in committing damages, is liable to the owner for the fair value of the animal.

VERDICT.—*Special Findings.*—Special findings control the general verdict only where there is an irreconcilable conflict between them upon a material question.

NEW TRIAL.—*Motion For.*—*Pendency of Motion for Judgment on Special Findings.*—The fact that a motion for judgment on special findings is taken under advisement, and not ruled upon until the subsequent term, does not excuse a failure to move for a new trial within the time fixed by section 561, R. S. 1881.

SAME.—A motion for judgment upon special findings may be made after a motion for a new trial.

SAME.—*Application.*—*Time of Making.*—An application for a new trial must be made within the time fixed by section 561, R. S. 1881, unless an extension of time be given by agreement of the adverse party, except for causes discovered after the term at which the trial was had.

From the Allen Circuit Court.

*W. G. Colerick,* for appellant.

*R. S. Robertson,* for appellee.

CRUMPACKER, J.—John R. Hartzell sued Lemuel Jacquay for wilfully and maliciously killing a dog owned by the plaintiff.

The complaint charges that the dog was of a peculiarly valuable breed, and was trained to habits of usefulness, and while he was upon the plaintiff's premises, peaceably and quietly, the defendant enticed him out upon a public highway and there unlawfully and maliciously shot and killed him.

The defendant answered by general denial, and the cause was tried by a jury, and resulted in a verdict for the plaintiff for one hundred and fifty dollars.

The jury answered five interrogatories submitted to them

by the court at the request of the defendant, which, with the answers, are as follows:

" 1. Was not the dog mentioned in the complaint in the habit of leaving at his will and pleasure the plaintiff's premises and running out on the public highway, and attacking persons walking, riding and driving over and along said highway by barking and jumping at them and their horses, and following them in that manner for quite a distance? Ans. Yes, with exception of attacking.

" 2. On many such occasions did not said dog frighten the horses attached to vehicles in which persons were seated, and thereby imperil the lives and limbs of such persons? Ans. Yes, except imperiling lives.

" 3. Was not the dog in the habit of doing so for several years before and up to the time it was killed by the defendant? Ans. Yes.

" 4. Did not the plaintiff know that the dog was in the habit of doing so, and did he make any effort to confine his dog or prevent it from doing so; if so, what did he do? Ans. Yes; done nothing; did not deem it necessary.

" 5. Was there not an open driveway leading from the highway to the premises of the plaintiff, and within one hundred feet of the residence occupied by him during all said time, and was not said dog permitted and allowed by the plaintiff at its will and pleasure to pass through said driveway to said highway and attack persons and horses? Ans. Yes, except attacking."

A motion was made by the defendant for judgment in his favor upon the interrogatories without regard to the general verdict, which was denied, and he excepted.

Afterwards a motion for a new trial was filed and overruled, and judgment was rendered upon the general verdict.

The first alleged error to which our attention is invited by the appellant is the overruling of his motion for judgment upon the interrogatories.

We agree with counsel for appellant in the view that a

vicious dog, roaming at large, endangering the safety of person and property, is a nuisance, and may be lawfully killed by any one coming in contact with it; but the special findings of the jury do not appear to give the dog in question any such a character. It is true, he was in the habit of going from his master's premises and barking at travellers and teams passing along the highway, but the jury found that he was not vicious, and did not attack or imperil the safety of any one.

He innocently and harmlessly followed the well-known propensity of his *genus,* and demonstrated the truth of the adage that " a barking dog seldom bites."

The dog was not one that would kill or maim sheep or other animals. He was not a vagrant, within the definition of the law, nor was he engaged in the commission of damages at the time he was killed. It does not appear that he was even barking at the appellant at the time he shot him, so it can not be claimed that the killing was justified under the dog statute.

One who wilfully and maliciously kills a dog which is not vicious or dangerous in its disposition and habits, and is not engaged in committing damages, is liable to the owner for the fair value of the animal. *Dinwiddie* v. *State,* 103 Ind. 101; *Lowel* v. *Gathright,* 97 Ind. 313.

Special findings control the general verdict only where there is an irreconcilable conflict between them upon a material question. There is no such conflict in this case. The appellant was not entitled to judgment upon the interrogatories.

The overruling of the motion for a new trial is the only other error relied upon by appellant. Counsel for appellee contends that this motion was filed too late to raise any question.

The record discloses that the verdict was returned on the twenty-third juridical day of the February term, 1889, of the Allen Circuit Court. On the twenty-ninth day of that term

appellant filed his motion in writing for judgment on the special findings, which was taken under advisement by the court, and was not ruled upon until the eighteenth juridical day of the succeeding April term, when it was overruled. On the fifty-second day of the April term the appellant, "over the objections and exceptions" of the appellee, filed his motion for a new trial. It is not claimed that any extension of time was given in which to file a motion for a new trial either by the court or by agreement with the appellee.

Section 561 of the code of 1881 provides that an application for a new trial may be made at any time during the term at which the verdict or decision is rendered, and if the verdict or decision be rendered upon the last day of the term or session the application may be made upon the first day of the following term.

It is argued with much force and ingenuity on the part of the appellant that the conduct of the court in carrying over the motion for judgment on the interrogatories prevented the filing of the motion for a new trial within the limit fixed by the code, and under the operation of the maxim, "An act of the court shall prejudice no man," the statutory limitation should not apply in this instance. While we recognize the force of the maxim invoked in this case, it does not apply where one has voluntarily placed himself in an attitude to be prejudiced by the action of the court.

The fallacy of the argument is in the assumption that a motion for judgment on special findings must precede a motion for a new trial.

It is settled that the filing of a motion for a new trial does not cut off the right to subsequently move for judgment upon special findings, nor does a motion for judgment upon special findings preclude the right to subsequently file a motion for a new trial. *Leslie* v. *Merrick*, 99 Ind. 180; *Ronan* v. *Meyer*, 84 Ind. 390.

There is no legal right of priority in either of these motions, and where both are filed and are pending at the same time it is within the discretion of the trial court which shall be first determined. *Grand Rapids, etc., R. R. Co.* v. *McAnnally*, 98 Ind. 412.

A motion for a new trial must be made within the time fixed by law, but a motion for judgment upon interrogatories may be made at any time before judgment.

The appellant could have preserved his rights and saved all the questions raised upon the trial, notwithstanding the action of the court, by first filing his motion for a new trial.

It is irrevocably settled that an application for a new trial must be made within the time fixed by section 561, *supra,* unless an extension of the time be given by agreement of the adverse party, except for causes discovered after the term at which the trial was had. *American, etc., Co.* v. *Clark*, 123 Ind. 230 ; *City of Evansville* v. *Martin*, 103 Ind. 206 ; *Secor* v. *Souder*, 95 Ind. 95 ; *Jones* v. *Jones*, 91 Ind. 72.

In the case before us it appears that the appellant did not apply for a new trial until thirty-four days after the other motion had been disposed of, and near the close of the term following the one at which the case was tried.

We can not escape the conclusion that the motion came too late, and can not be considered.

The judgment is affirmed, with costs.

Filed May 26, 1891.