SMITH v. DURHAM.

(December 22, 1900.)

*Trover—Conversion—Possession by Bailee.*

> Where a bailee refuses on demand to deliver a note to the owner, who is entitled to the possession thereof, it constitutes a conversion, and an action of trover will lie against the bailee.

CIVIL ACTION by J. A. Smith against S. J. Durham, heard on complaint and demurrer, by Judge *O. H. Allen*, at Spring Term, 1900, of GASTON Superior Court. From judgment sustaining a demurrer to the complaint, the plaintiff appealed.

*Osborne, Maxwell & Keerans*, for the plaintiff.
*Burwell, Walker & Cansler*, for the defendant.

FAIRCLOTH, C. J. This is a civil action in the nature of trover for the conversion of a certain promissory note, payable to the plaintiff, in the sum of $2,400, signed by W. D.

127——27

Rice. The plaintiff was president of the Bessemer City Cotton Mill Company, and for a debt due by his company to Lyon, Conklin & Co., of Baltimore, Md., he deposited said note as collateral security; and the depositee sent the note to the defendant, as its attorney, for collection. By agreement with defendant, the plaintiff, for his company, confessed judgment for the amount due Lyon, Conklin & Co. Thereafter said judgment was paid in full by the Bessemer Company, and the debt for which said note was deposited as collateral security was thereby extinguished. After said judgment had been paid as aforesaid, the plaintiff demanded of the defendant, Durham, the surrender of said note, and he failed and refused to surrender it. At the time of said demand the maker of the note agreed with plaintiff to pay 25 cents on the dollar, and was able and willing to do so, and would have done so but for the defendant's refusal to surrender said note to the plaintiffs, who alleges that he was damaged in the sum of $600 and interest, and demands judgment accordingly. The defendant, by his demurrer, admits the truth of the allegations in the complain, and avers that the complaint does not set forth facts to constitute a cause of action in favor of he plaintiff and against the defendant.

It is admitted that the plaintiff is the owner of the note, and that it was in the possession of the defendant when last heard of. Presumably, it is still in his possession. Trover may be brought by the owner for the recovery of damages for the conversion of every species of personal property which has value. 26 Am. and Eng. Enc. Law, 765. It may be maintained upon the refusal to deliver a letter. *Teal v. Felton,* 12 How., 284; 13 L. Ed., 990. Trover will lie for a bond or note. *Brickhouse v. Brickhouse,* 33 N. C., 404. "The injury lies in the conversion, for any man may take the goods of another into possession if he finds them, but no

finder is allowed to acquire a property therein unless the owner be forever unknown; and therefore he must not convert them to his own use, which the law presumes him to do if he refuses them to the owner, for which reason such refusal alone is *prima facie* sufficient evidence of a conversion." 3 Bl. Comm., 152; *Abrahams v. Bank,* 7 Am. Rep., 33. There is quite a list of decisions which hold that conversion is an act of ownership exercised over the personal chattels of another, inconsistent with the owner's right. It must be an act. Mere words will not do. If a bailee publicly sells his bailor's goods, and becomes the purchaser, and holds them in defiance of his bailor, in such case no demand is necessary. *University of North Carolina v. State National Bank,* 96 N. C., 280; *Carraway v. Burbank,* 12 N. C., 306; *Glover v. Riddick,* 33 N. C., 582. One in possession of another's property is bound to surrender it upon demand. *Dowd v. Wadsworth,* 13 N. C., 130. Lord Holt, in an early case, said: "The very denial of goods to him that hath the right to demand them is an actual conversion, not only evidence of it." *Baldwin v. Cole,* 6 Mod., 212. We see from this course of reasoning that one in lawful possession of another's property, after demand and refusal is in no better position than if his original possession had been wrongful. The defendant assigns no reason or explanation why he detains the note in question. As the case is now constituted, we see no reason why the demurrer was not overruled.

Error.