Argued June 29, affirmed July 20, 1915.

## ROSE v. SALEM.

(150 Pac. 276.)

**Municipal Corporations—Powers of.**

1. Where the charter of a city authorized the council to prevent domestic animals from running at large, and to license, tax, impound, sell or kill dogs, the council might prohibit the running of dogs at large, under penalty of their being impounded and ultimately killed.

[As to general features and constitutionality of statutes respecting estrays, 8 Am. St. Rep. 271.]

**Constitutional Law—Due Process of Law—What Constitutes.**

2. An ordinance prohibiting the running of dogs at large provided that they should be impounded, and that, if known, notice should be given to the owners or custodians, who could redeem within three days, the dogs to be killed at the end of that time. *Held*, that Section 5731, L. O. L. making it larceny to steal a dog, recognizes it as property, and the ordinance was invalid, as working a deprivation of property without due process of law, not providing for notice, actual or constructive, to the owners or custodians of dogs seized.

From Marion: William Galloway, Judge.

In Banc.   Statement by Mr. Justice Benson.

This is a suit by George L. Rose against the City of Salem, a municipal corporation, J. T. Welch, city mar-

shal of Salem, and E. S. Budlong, street commissioner of said city, to restrain the enforcement of a municipal ordinance of the City of Salem, which reads as follows:

"Section 1. It shall be unlawful, from and after the 10th day of June, 1914, for any person, firm or corporation, who may own or be the custodian of any dog, to permit any such dog to run loose or be at large upon any of the public streets, highways or other public places within the corporate limits of the City of Salem, Oregon. All dogs found upon any of the public streets, highways or other public places in the City of Salem, Oregon, shall be deemed to be running loose or be at large within the meaning of this ordinance, except such dogs as may be under control by means of a chain or leash or may be in or upon any vehicle and while so therein or under the personal control of the owner or custodian thereof.

"Sec. 2. It shall be unlawful for any dog to run loose or at large upon any of the public streets, highways or other public places in the City of Salem, and the street commissioner or his agents are authorized to impound any dog found running loose or at large as defined in this ordinance, and are also authorized to enforce all of the other provisions of this ordinance, subject to the general direction and control of the street committee of and the council to carry this ordinance into effect the street commissioner, and his agents, are authorized to use any of the equipment and property of the city under the control of the street department.

"Sec. 3. Whenever any dog shall be impounded under authority of this ordinance, the street commissioner, his agents or deputies, in charge of the work hereunder, shall forwith give notice to the owner or custodian of any impounded dog if such person is known to the street commissioner, or his agents in charge of the work hereunder, and if the owner or custodian so notified does not claim said dog within the period of three (3) days from the date of said notice

and also pay the redemption fee provided for herein, such dog shall be humanely killed at the expiration of said period.

"Sec. 4.  Whenever any dog shall be impounded under the authority of this ordinance and the owner or custodian thereof is unknown to the street commissioner or his agents acting under this ordinance, such dog shall be kept for the period of three (3) days and if at the end of the said time the owner or custodian shall not appear and claim such dog and pay the redemption fee provided herein, such dog shall be killed.

"Sec. 5.  Any dog impounded under authority of this ordinance may be released to the owner or custodian thereof by the street commissioner upon payment to the city treasurer of the sum of two (2) dollars upon the first impounding and the sum of four (4) dollars upon any second or subsequent impounding.

"Sec. 6.  The street commissioner is hereby authorized to deliver to any person any dog impounded under this ordinance, after the expiration of three (3) days from the time of impounding upon payment to the city treasurer of the redemption fee of $2 in the case of the first impounding or upon the payment of the sum of $4 in the case of a second or subsequent impounding of any such dog.  Such delivery shall be subject to the claim of the rightful owner of said dog and the payment by him of the redemption fees paid to the city and the reasonable expense of keeping the said dog up to the time of claim by the owner.  The street commissioner at the time of making any such delivery, shall take a written receipt from such person acknowledging that such person holds the said dog subject to the claim of the rightful owner upon the payment of the redemption fees paid by such person and the reasonable expense of keeping such dog up to the time of claim by such owner, and it shall be unlawful for the street commissioner to deliver a dog to any person under the provisions of this section without receiving the receipt herein provided for.

"Sec. 7. All periods of time named in this ordinance shall be computed by excluding from the computation, the day upon which the impounding shall be made.

"Sec. 8. The street commissioner shall keep a duplicate record of dogs impounded, which shall show the date and time when impounded, a description by approximate weight, age, color, sex and breed where feasible, with the owner or custodian's name if the name is known, and in said record an entry shall be made of the disposition made of said dog. The duplicate and all delivery receipts shall be filed monthly with the city recorder and be deemed public records of the City of Salem, Oregon.

"Sec. 9. It shall be unlawful for any person to in any way interfere with any person engaged in seizing or impounding any dog under authority of this ordinance, and any person convicted of a violation of the provisions of this section shall be punished as provided for in Section 12 hereof. Any person who may encourage or urge any dog to attack or worry any person engaged in enforcing the provisions of this ordinance, or who shall threaten any such person while engaged in the performance of duties under this ordinance, shall be deemed guilty of interfering with the enforcement of this ordinance within the meaning of this section.

"Sec. 10. The expense of caring for dogs impounded under this ordinance shall be paid out of the general fund of the City of Salem, and all moneys paid in redemption fees shall be credited to the general fund of the city.

"Sec. 11. Any person owning or having in charge any female dog who shall permit the same to run at large while in heat, shall upon conviction thereof, be punished as for a violation of this ordinance.

"Sec. 12. Any person violating any of the provisions of this ordinance shall, upon conviction, be punished by a fine of not less than ten ($10) dollars nor more than one hundred ($100) dollars, or by im-

prisonment in the city jail one day for each two dollars of any such fine.''

The cause was heard upon a motion for judgment upon the pleadings, and a decree entered in favor of plaintiff, from which defendant appeals.

AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. William H. Trindle,* City Attorney.

For respondent there was a brief over the names of *Mr. John H. McNary* and *Messrs. Turner & Turner,* with oral arguments by *Mr. McNary* and *Mr. Frank A. Turner.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. Plaintiff contends that the ordinance is void, for the reason that its provisions exceed the authority of the city council. It may be conceded at the outset that municipal corporations can exercise no powers but such as are expressly conferred upon them by the act of incorporation, or are necessary to carry into effect the powers thus conferred, or are essential to the manifest objects and purposes of the corporation. Section 18 of the charter authorizes the council ''to prevent domestic animals from running at large within the city, or any portion thereof; to provide for impounding and selling such animals.'' Section 42 authorizes the council ''to license, tax, impound, sell or kill dogs.'' There can be no serious question but that the charter gives the council ample authority to prohibit dogs from running at large. We do not need to cite any further authority than the above sections to satisfy this conclusion.

77 Or.—6

2. There remains, then, a consideration of the ordinance itself. It will be noted that Sections 3 and 4 thereof provide for the impounding of dogs found running at large and for notice to the owners or custodians, if they are known to the street commissioner or his assistants, and, further, that if the dogs are not redeemed within three days they are to be summarily killed. Plaintiff contends that this procedure violates the fundamental principle that no person should be deprived of his property without due process of law. We think that this contention is correct. It is true that the courts of last resort in many of the states have held that similar ordinances are not obnoxious to this doctrine, and are to be upheld as a valid exercise of police power; but in all cases of this sort, which have been called to our attention, emphasis is laid upon the assumption that dogs are property in a limited or qualified sense only, and they invariably comment upon the fact that at common law such animals were not the subject of larceny. It is true that at common law they were held not to be the subject of larceny, and the historical reason for such holding is found in the fact that at that time larceny was a capital offense, and the courts rebelled at the thought of putting a man to death for stealing a dog. However, in this state it is larceny to steal a dog, and that animal is expressly declared by statute to be personal property: Section 5731, L. O. L.

Whatever may be the law in other jurisdictions, in this state dogs are regarded as being just as important a class of personal property as any other domestic animal and equally entitled to the protection of the law. In Illinois it has been held that a statute providing for the impounding and sale of domestic animals

without a judicial hearing and without actual or constructive notice to the owner is void: *Poppen* v. *Holmes,* 44 Ill. 362 (92 Am. Dec. 186). The same doctrine is held in the following cases: *Slessman* v. *Crozier,* 80 Ind. 487; *Campbell* v. *Evans,* 45 N. Y. 360. An ordinance could doubtless be readily framed which would accomplish the purposes desired, and yet protect private property from forfeiture or destruction without due process of law.

The ordinance in question is objectionable in this particular, and the decree of the lower court is affirmed.

AFFIRMED.