I. M. MEEKINS v. JAMES SIMPSON.

(Filed 2 October, 1918.)

**1. Animals—Dogs—Property—Statutes—Actions.**

> While, at common law, dogs were not considered as having such pecuniary value as to make them subjects of larceny or to be classed and dealt with as estrays; and while they are not now to be regarded as "stock," within the meaning of our statute (Revisal, sec. 1681) as to impounding stock, their position, as to larceny, has been changed in reference to listed and tax-paid dogs, and it is held that they are so far the subjects of property as tame domestic animals of value, that the ordinary civil remedies are available to the owners, and they may maintain an action to recover them.

#### 2. Same—Limitation of Actions.

The finder of lost property, a dog in the present instance, as a bailee without compensation, holds for the benefit of the owner, when ascertained, and the statute of limitations in bar of recovery of the possession will not commence to run against the true owner until demand and refusal, or the exercise of some unequivocal act of ownership inconsistent with the true owner's right, especially where the finder of the property may have found the true owner by the exercise of reasonable diligence, and has testified he was holding the property for him.

#### 3. Assumpsit—Lost Property—Liens—Evidence.

While the finder of lost property may sustain a demand in *assumpsit*, or by way of counterclaim, for the reasonable costs and expenses necessary to the preservation and return of the property to the true owner, no lien attaches to the property therefor, especially in the absence of an offer of reward for its return; and where the title to the property is the sole issue, evidence as to such costs and expense are properly excluded.

#### 4. Same—Dogs—Animals.

While the finder of a lost dog may recover of the owner such reasonable costs and expenses as he may have incurred therein, the demand should not be readily allowed without clear evidence of particular existing conditions which would warrant it.

ACTION to recover a bird dog, tried on appeal from a justice's court before *Kerr, J.,* and a jury, at February Special Term, 1918, of PAS-QUOTANK.

The evidence tended to show that in 1912 plaintiff lost a pointer dog named Bingo; that he searched and advertised for him without success and had no knowledge of his whereabouts till a week before the suit commenced when he ascertained that the dog was in the possession of defendant; that he then sent to the home of defendant and demanded possession of the dog, and defendant refused to restore him unless he was paid the sum of sixty dollars for the keep of the dog. Whereupon plaintiff instituted suit.

Defendant testified that some time in January, 1912, the dog came to him as he was going along the road and followed witness to his brother's, two or three miles from Elizabeth City; stayed there a week, and defendant then took the dog home with him, seventeen or eighteen miles out, and he had since been with defendant, going about with him openly; that about three months after taking the dog home defendant learned that Mr. Meekins had lost a dog and told one Armstrong he had a dog, described it and was told that it was Mr. Meekins's dog; that witness asked Armstrong to tell him, and himself went to Meekins's office, but failed to find him in. It appeared further that Armstrong had never delivered plaintiff's message. The summons put in evidence bore date September, 1917.

On denial of plaintiff's ownership and plea of the statute of limitations, the jury rendered the following verdict:

Is plaintiff the owner and entitled to possession of the dog sued for? Answer: "Yes."

Is plaintiff's action barred by the statute of limitations? Answer: "No."

Judgment on the verdict for plaintiff, and defendant excepted and appealed, assigning for error:

"That the court excluded evidence offered by defendant as to worth of the care and keep of the dog while defendant had him."

The charge of the court on the issues: "That if the jury believed the evidence and found the facts to be as testified by the witness, they would answer the first issue 'Yes' and the second issue 'No.'"

*Meekins & McMullan for plaintiff.*
*Aydlett, Simpson & Sawyer for defendant.*

HOKE, J. The rules of the common law concerning the ownership of dogs are not as consistent and definite as in most other kinds of property. Owing, probably, to the very great variety of species, as well as the differences in their dispositions and habits, they were not considered as having such pecuniary value as to make them subjects of larceny, and for the same reason they were never classified or dealt with as estrays within any recognized meaning of that term. 1 Blk., pp. 297-298. And it may be well to note that they are not now to be regarded as "stock" within the rules for impounding stock under our present statute applicable. Revisal, sec. 1681.

The position as to larceny has been changed by statute in reference to listed, tax-paid dogs. Revisal, sec. 3501. And it has been very generally understood and held, both in old and in later cases, that dogs are so far the subjects of property that the ordinary civil remedies are available to the owner for their protection, and in this respect the trend of the modern decisions is to regard dogs as tame domestic animals having value. *Dodson v. Mock,* 20 N. C., 282; *Graham v. Smith,* 100 Ga., 434; *Tar Hopen v. Walker,* 96 Mich., 236. The action is therefore well brought, so far as the form is concerned, and on perusal of the record we find no reason for disturbing the verdict and judgment by which the rights of the owner have been established.

Assuming in the present instance that the dog was really lost and is subject to the principles that rually prevail in reference to lost property, it is the recognized position that the finder, as a bailee without compensation, holds for the benefit of the owner when ascertained, and that no statute of limitations will inure for his protection unless and

until the possession of the finder has become adverse to that of the owner, and this must be established by a demand and refusal of the owner or by the exercise of some unequivocal act of ownership inconsistent with the true owner's right. Until that occurs, no cause of action has accrued to the owner and, by express provision, the statute of limitations does not begin to run. Revisal, sec. 360; *Smith v. Durham,* 127 N. C., 417; *Earp v. Richardson,* 81 N. C., 5; *Carroway v. Burbank,* 12 N. C., 306; 17 R. C. L., title, Lost Property, sec. 7, p. 1205. Not only is there no evidence of such an act in the present instance, but defendant, a witness in his own behalf, testified that he was holding the dog for the true owner.

In *Blount v. Parker,* 78 N. C., 128, a case of lost bonds and very much relied on by defendant, there had been a sale and disposition of the bonds by the finder nearly ten years before action brought, and the case was decided for defendant on that ground. The case is chiefly an authority for the position that when there had been such an exercise of ownership by the finder, amounting to an undoubted conversion, the fact that the true owner was ignorant of it would not prevent the bar of the statute in a purely legal action, and is rather in illustration of the principle we apply to the present case. It may be well to note that the headnote in *Blount v. Parker* is calculated to give the impression that the sale and conversion of the bonds took place a short time before action brought. An examination of the record, however, shows the facts to be as stated. And in *University v. Bank,* 96 N. C., 280, there had been a demand and refusal by the rightful claimant more than three years before action brought. Nor is there any error in excluding the evidence offered as to the amount due for the keep and maintenance of the dog while in defendant's possession. While it is recognized that a finder of lost property may sustain a demand in assumpsit or by way of counterclaim for the reasonable cost and expenses necessary to the preservation and return of the property to the true owner, it is very generally held, universally so far as examined, that there is no lien for any such claim, therefore this proposed testimony was not relevant to an issue as to title or right of possession. Such lien seems to be allowed in case of a reward offered, but not, as stated, for expense of preservation and maintenance. *Weeks v. Hackett,* 104 Me., 264, reported also in 129 Amer. St., 390; *Wood v. Parson,* 45 Mich., 313; *Amory v. Flyn,* 10 Johnson, 102; *Chase v. Corcoran,* 106 Mass., 286; *S. v. Hayes,* 98 Iowa, 619, reported in 37 L. R. A., 116, and *Bunstead v. Buck,* 2 Black, W. 1117; 96 English Reprints, 660.

An examination of these authorities and others of like kind will disclose that the right of recovery will arise to the finder under the general equitable principles of indebitatus assumpsit and under circumstances

where a request for the expenditures claimed may be reasonably inferred. *Chase v. Corcoran, supra.*

This being the principle, a demand of this kind should not be readily allowed in case of a lost dog, and unless he gave very clear evidence of being spent by hunger or fatigue, and assuredly no such claim could for a moment be sustained on the facts of this record, where the dog was first "found" within a few miles of the owner's home and with no proper or adequate effort afterwards made to ascertain who the owner was.

There is no error and judgment for plaintiff is
Affirmed.