(No. 16824.—Judgment affirmed.)
LOUIS F. KASCH, Appellee, *vs*. FRED ANDERS, Appellant.

*Opinion filed October 28, 1925.*

1. CONSTITUTIONAL LAW—*purpose of constitutional provision in regard to title of act.* The constitutional provision that an act shall contain but one subject, which shall be expressed in its title, is intended to protect members of the legislature and the public from the insertion of matters in a bill which bear no relation to the title.

2. SAME—*what provisions may be regarded as within the title of an act.* While the constitutional provision that the subject of an act must be expressed in the title should be liberally construed and the title may be in very general terms, there must be some reasonable relation between the provisions of the act and the subject expressed in the title, and the provisions must in some reasonable sense have a tendency to promote the object of the act.

3. SAME—*section 2b of the act for licensing of dogs is invalid.* Section 2b of the act "in relation to licensing dogs and the disposal of the license fees," which provides that dogs may be shot while trespassing on premises where sheep are kept and that all dogs without license tags may be shot, is invalid as including provisions not reasonably a part of the subject expressed in·the title and also as tending to deprive an owner of his property without due process of law.

WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. EARL D. REYNOLDS, Judge, presiding.

KNIGHT & MOHR, (CARL A. SWENSON, of counsel,) for appellant.

GARRETT, MAYNARD & FELL, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

In 1879 the legislature of this State passed an act entitled "An act to indemnify the owners of sheep in cases of damage committed by dogs." In 1917 the title of this act was amended so as to read, "An act provided for the licensing of dogs and for the payment of damages done by

dogs to sheep out of the proceeds of the license fees." In 1923 the title of the act was amended so as to read, "An act in relation to licensing dogs and the disposal of the license fees." On the 29th of April, 1924, a blooded coon hound belonging to appellee, a farmer residing in Winnebago county, left the premises of appellee and went upon a neighboring farm belonging to appellant, unaccompanied by its owner, and while running along a hedge fence, nosing along the ground as if hunting, it was shot and killed by appellant. In the field in which the dog was killed appellant had some sheep pastured, but the hound was not at the time it was shot pursuing, worrying, wounding or killing any sheep or other animal, nor were the circumstances such as to satisfactorily show that the dog had been recently so engaged. The dog did not have any metal tag on its neck nor had it been licensed, as provided by the statute above mentioned. Appellee brought suit in trespass against appellant, and upon a trial in the circuit court of Winnebago county before the court without a jury recovered a judgment for $75, from which judgment an appeal has been perfected to this court.

In the trial court appellant sought to justify the killing of the dog by reason of the provisions of the statute above mentioned, while appellee contended that the statute is unconstitutional, unreasonable and void. Section 13 of article 4 of the constitution of this State provides, among other things: "No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed." The purpose of this provision of the constitution is to prevent the insertion of matters in a bill which bear no relation to the title, by means of which members of the legislature would be led to vote for a measure which they might not knowingly have approved. Without this restriction any number

318—18

of incongruous matters might be aggregated in one bill and the title of the act give no hint as to the provisions of the act which were to follow. This restriction not only protects the members of the legislature from deception but it likewise protects the public. *Milne* v. *People,* 224 Ill. 125.

Section 2*b* of the act in question provides as follows: "If any person shall discover any dog or dogs in the act of pursuing, worrying, wounding or killing sheep, goats, cattle, horses or mules or shall discover any dog or dogs under circumstances that satisfactorily show that the dog or dogs have been recently engaged in killing such animals, or pursuing, worrying, or wounding such animals for the purpose of killing them, such person is authorized immediately to pursue and kill such dog or dogs. Any dog or dogs trespassing on the premises where sheep are kept and not accompanied by their owner or keeper may be killed while so trespassing, and it shall be lawful for any person to kill all unlicensed dogs and all dogs without the metallic tags required by the provisions of this act."

While the constitutional provision that the subject of an act must be expressed in the title should be liberally construed and the title may be in very general terms, yet it must be so comprehensive as to reasonably include every provision of the act, and the act must have a single object. There must be some reasonable relation between the provisions of the act and the subject expressed in the title, and the provisions must in some reasonable sense have a tendency to promote the object of the act. (*People* v. *Horan,* 293 Ill. 314.) If there is any question about a provision being within the title it will be decided on the basis of whether or not the provision tends to promote the object and purpose of the act as expressed in the title. (*Dolese* v. *Pierce,* 124 Ill. 140.) The object and purpose of the act in question as expressed in its title is the licensing of dogs and the disposal of the license fees. There is no reasonable rela-

tion between the provision for the killing of dogs while merely trespassing and not *damage feasant,* and the licensing of dogs and the disposal of the license fees. Section 2*b* is therefore invalid.

Section 2*b* is void for another reason. Dogs are property, and in these times their possession by farmers is not only useful but necessary for protection to person and property. While they are subject to control and regulation by the exercise of the police power, (*City of Paxton* v. *Fitzsimmons,* 253 Ill. 355,) such exercise of the police power by the legislature must always be reasonable and not arbitrary or such as not to deprive a person of his property without due process of law. This section of the statute, which provides for the killing of any dog trespassing on premises where sheep are kept, unaccompanied by the owner or keeper, and for the killing of any dog without the metallic tag required by the provisions of the act, without regard to the circumstances of such trespass, the size, character, nature or disposition of the dog, without regard to whether or not such dog had had about its neck such metallic tag and unavoidably lost the same without the knowledge of the owner, and without regard to the ability of such dog to do damage to sheep where such sheep might be confined on the premises in stables, pens or high enclosures of woven wire, where it would be impossible for the dog to injure the sheep, is an unreasonable and arbitrary exercise of the police power of the State, and its enforcement would deprive the owner of the dog of his property without due process of law.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*