290 P.2d 742

**B. M. SMITH, Plaintiff-Respondent,**

v.

**John S. COSTELLO, Defendant-Appellant.**

**Chester K. NISSEN, Plaintiff-Respondent,**

v.

**John S. COSTELLO, Defendant-Appellant.**

**Nos. 8301, 8302.**

Supreme Court of Idaho.

Nov. 29, 1955.

Graydon W. Smith, Atty. Gen., J. R. Smead, Edward J. Aschenbrener and J. Clinton Peterson, Asst. Attys. Gen., James W. Wayne, Coeur d'Alene, for appellant.

Hawkins & Miller, Coeur d'Alene, for respondents.

KEETON, Judge.

The above entitled cases present for determination the same issues. The actions were separately brought in the district court and were by stipulation there and here consolidated for decision.

On February 21, 1952, appellant shot and killed a Cocker Spaniel dog belonging to respondent Chester K. Nissen, and at the same time and place shot and wounded a Labrador dog belonging to respondent B. M. Smith.

In avoidance of liability defendant answered that he was, at the time of the shooting, and still is, a qualified, authorized conservation officer; that the dogs in question were running at large in territory inhabited by deer, and deer were browsing in said territory (nearness and proximity not shown); that by the provisions of Sec. 36-1407, I.C., he was authorized to shoot the dogs without civil liability. The trial judge held that the plea in avoidance constituted no defense. No other defense being alleged or appearing, the parties stipulated that the ruling on the affirmative defense should be decisive of the issues. Whereupon the trial judge entered judgment for damages sustained in favor of the respondent in each case. Appeal was taken from the judgments.

It was stipulated or admitted that the shooting of the dogs complained of occurred approximately one-half mile east of the city limits of Coeur d'Alene; that the dogs were between Highway No. 10 and Coeur d'Alene Lake.

There is no contention that the dogs were tracking, chasing, molesting or worrying deer or had the habit of so doing, nor is it claimed that they were vicious or dangerous. The browsing deer alleged to be in the territory were apparently unaware of the dogs' presence, and the dogs,

insofar as the record shows, had not discovered the deer.

The statute, Sec. 36–1407, I.C., under which appellant attempts to justify his action, reads in part:

"* * * Any dog running at large in territory inhabited by deer, is hereby declared to be a public nuisance and may be killed at such time by any game conservation officer or other person entrusted with the enforcement of the game laws, without criminal or civil liability."

It is the contention of appellant that the above provision is a complete defense to the action and is a lawful police regulation. Conversely, respondents contend that said statute permits the destruction of another's property without due process of law; that the legislature cannot authorize the destruction of another's property and declare such property to be a nuisance per se when it is not a nuisance in fact.

■ Both at common law and by statute dogs are property and are objects of value. The modern trend of authority is to regard dogs as tame domestic animals having a value. Sec. 25–2807, I.C.; 3 C.J.S., Animals, § 3b, p. 1085; 2 Am.Jur. 693, Sec. 7; Meekins v. Simpson, 176 N.C. 130, 96 S.E. 894.

■ A dog is not a nuisance per se. 39 Am.Jur. 347, Sec. 65; 66 C.J.S., Nuisances, § 32, p. 785.

Statutes or ordinances attempting to authorize the summary destruction of dogs simply because said dogs might be running at large, and nothing further appearing, have, in numerous decisions, been held unconstitutional. See Kasch v. Anders, 318 Ill. 272, 149 N.E. 275; Aldrich v. Reichert, 321 Ill. 123, 151 N.E. 608; Lynn v. State, 33 Tex.Cr.R. 153, 25 S.W. 779; Boykin v. Police Jury of Richland Parish, 169 La. 1014, 126 So. 511; People ex rel. Shand v. Tighe, 9 Misc. 607, 30 N.Y.S. 368; Rose v. City of Salem, 77 Or. 77, 150 P. 276; Poppen v. Holmes, 44 Ill. 360, 92 Am.Dec. 186; Slessman v. Crozier, 80 Ind. 487; Jordan v. Gaines, 136 Me. 291, 8 A.2d 585; Jacquay v. Hartzell, 1 Ind.App. 500, 27 N.E. 1105; 16 C.J.S., Constitutional Law, § 706, subd. b, p. 1487.

■ If territory inhabited by deer, as used in the statute, Sec. 36–1407, I.C., be construed to be any place where deer might be found, the term would include the greater portion of the entire State. It is common knowledge that deer browse on and near farms and any wooded area could be, and probably is, inhabited by deer.

Thus, almost any farmer's dog not confined to a kennel or on a leash, or on the owner's premises, could, under the interpretation contended for by appellant, be said to be a nuisance and shot by any game conservation officer in the area or vicinity without civil liability.

■ The 14th Amendment to the Constitution of the United States and Art. 1, Sec. 13 of the Idaho Constitution specifically prohibit the State under a legislative enactment or its police power from depriving any person of his property without due process of law.

■ Hence governmental regulations promulgated under police power must be consistent with the due process of law provision and subordinate thereto. Police regulations cannot arbitrarily and without any sufficient reason authorize the killing or wounding of animals belonging to another. The legislature cannot declare something to be a nuisance which is not one in fact or per se; and to declare that a dog running at large in territory inhabited by deer is a public nuisance, without more, is an arbitrary, unreasonable and unconstitutional regulation.

Appellant contends that he is immune from liability for the reason that the part of the legislative act under consideration had not, prior to the shooting of respondents' dogs, been declared unconstitutional.

■ An unconstitutional act is not a law and, subject to certain exceptions not pertinent here, confers no rights and affords no protection. 11 Am.Jur. 827, Sec. 148; 11 Am.Jur. 830, Sec. 149.

We find no error. The judgment is affirmed. Costs to respondents.

PORTER and ANDERSON, JJ., concur.

TAYLOR, Chief Justice, with whom SMITH, Justice, concurs (concurring and dissenting).

I concur in the conclusion only. My concurrence is based solely upon the ground that the phrase "territory inhabited by deer" is so indefinite and uncertain as to render that portion of the act, in which it appears, unconstitutional.

I agree that dogs are property. Their value, in the absence of stipulation or evidence of a higher value, is nominal.

A distinction is to be drawn between the effect of statutes held unconstitutional because of a defect in form, and those held unconstitutional because of a want of power in the legislature to enact. McCormick v. Bounetheau, 139 Fla. 461, 190 So. 882. Here the defect is one of form, not of power. An officer who in good faith acts under authority of such a statute before it is held unconstitutional should not be held liable in damages. Cf. 43 Am.Jur., Public Officers, § 284; 22 Am.Jur., False Imprisonment, § 69. Here the provision in question attempts to grant immunity. Legislative grants of immunity to officers are generally upheld by the courts. Annotation 163 A.L.R. 1435.

As to other propositions announced in the opinion, I dissent.