Mary KALMAN, Appellant (Plaintiff below),

v.

The WESTERN UNION TELEGRAPH COM-
PANY, Herman Pasternack, Morris Bern-
stein, Esmond F. Graber, and Gerald J.
Veta, Appellees (Defendants below).

No. 3215.

Supreme Court of Wyoming.
April 2, 1964.

Roncalio, Graves & Smyth, Charles E.
Graves, Cheyenne, for appellant.

Ferrall, Bloomfield & Lynch, Bard Fer-
rall and C. N. Bloomfield, Jr., Cheyenne,
for appellees.

Before PARKER, C. J., and HARNS-BERGER, GRAY, and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

This case involves a claim for damages suffered by plaintiff, Mary Kalman, in a fall caused by a patch of ice on the sidewalk in front of premises occupied by the defendant Western Union Telegraph Company and allegedly owned by the defendants Herman Pasternack, Morris Bernstein, Esmond F. Graber and Gerald J. Veta. Following the presentation of evidence to a jury, the court directed verdicts for all of the defendants. Plaintiff has appealed.

Our inquiry is primarily concerned with whether or not there was substantial evidence of negligence on the part of the defendants or any of them. Two theories of such negligence are advanced by the plaintiff, as appellant. They are:

(1) That an electrical defect in Western Union's electric sign caused snow accumulated on top of the sign box to melt, run down onto the sidewalk and then freeze in the form of ice, which caused the accident.

(2) That the defendant Western Union, by virtue of violating an ordinance requiring sidewalks to be kept clean of snow and ice, was negligent per se and therefore liable for plaintiff's injuries.

*Defective Sign*

There was undisputed evidence that the Western Union sign had a short or electrical defect, and there was further testimony that such a defect would be likely to cause the dissipation of heat when the sign was operating.

However, several employees of Western Union testified that the condition of the sign was such that whenever the sign was turned on it would immediately blow a fuse or the circuit breaker, which would allow no electricity into the sign and consequently no heating. This condition was described as existing from Thanksgivingtime, and according to the testimony the sign had not been in operation between Thanksgiving and the time of the accident on December 11, 1961. There was nothing in the evidence to contradict this testimony.

■ The most then that can be said for plaintiff's evidence is that it tended to show merely this: If the sign had been operating, it *could have* resulted in a heating which *might have* melted snow, and this in turn *could have* frozen on the sidewalk and caused the accident.

Obviously, such evidence fails to establish a prima facie case of negligence against any of the defendants, because there was no evidence the sign was operating, with electricity in it, and in fact the only evidence in that regard indicated otherwise. Also, there was no evidence that there was in fact, immediately prior to the accident, a melting of snow from on top of the sign. Moreover, none of the witnesses who testified about a patch of ice on the sidewalk actually fixed its location as under the sign.

Even the plaintiff herself admitted she could not fix the location of the patch of ice and she had no knowledge where it came from. One of her witnesses said the patch was close to the building but he did not pay much attention to it in relation to the sign. He said it "could have" been there. The only other witness testifying on the subject said the patch was a foot or so from the building but she could not pin it down more specifically. She testified she had not looked at the sign so could not say whether snow had ever accumulated on its top.

■ Counsel for Mrs. Kalman complains because plaintiff was not permitted to introduce into evidence a picture taken several weeks after the accident, which supposedly showed the melting of snow on top of the sign. Not only was the picture taken after the accident and after a subsequent snow, but the witness who took it admitted he did not know whether the sign was in working condition, and he did not

know whether the melting of snow on top of the sign was a result of the operation of the sign or the natural melting of snow from the elements. ·

The picture was properly excluded. Actually, the words of the witness aptly illustrate not only a good reason for excluding the picture but also the reason why plaintiff's evidence was insufficient to make out a case of negligence. The witness said he took the picture to show what conditions were "possible." Likewise, plaintiff's counsel offers us only a *possible* explanation for the presence of a patch of ice on the sidewalk, with no evidence to support his theory as to how or when it got there.

▇ Mere conjecture is never sufficient to establish liability on the part of a defendant, for injuries claimed to have been received by a plaintiff as a result of defendant's negligence. O'Keefe v. Cheyenne Chamber of Commerce, 56 Wyo. 170, 105 P.2d 279, 285; Gordon v. Clotsworthy, 127 Colo. 377, 257 P.2d 410, 411, 49 A.L.R.2d 314; In re Hayden's Estate, 174 Kan. 140, 254 P.2d 813, 817–818, 36 A.L.R.2d 1278; Johnson v. Brown, 77 Nev. 61, 359 P.2d 80, 82.

### Cheyenne City Ordinance

This brings us to a consideration of a city ordinance which was in effect at the time of the accident, and which is now cited as Cheyenne, Wyo., Code, Ch. 40, Art. 1, § 40–8 (1963). It provides:

"Every sidewalk * * * within the city shall be maintained clean and free from snow, ice or slush by the owner, agent or occupant of the premises abutting thereon * * *."

There are further provisions in the ordinance to the effect that if snow, ice or slush is not removed, the city can have it done and add the cost thereof to whatever fine is assessed; and to the effect that sidewalks in the business districts are to be kept clear "for the safety and comfort of pedestrians" during any continued or heavy snowfall.

Appellant-Kalman concedes that every jurisdiction which has passed upon the question, with the one exception of West Virginia, has held that violation of a municipal ordinance requiring lot owners to keep the sidewalks free from snow and ice, and imposing a penalty for failure to do so, does not constitute negligence per se on the part of the lot owner or occupant. It is suggested, nevertheless, that we should hold Western Union negligent per se in this case, because the ordinance indicates an intention to have the sidewalks kept clear for the safety and comfort of pedestrians rather than for the benefit of the city.

We hardly think this would be sufficient reason for us to consider Cheyenne's ordinance unique. However, without deciding whether there is or is not anything about this particular ordinance to make it different from others, we prefer to predicate our decision on a different consideration.

Mrs. Kalman's attorney freely admits the ordinance can be construed as requiring only *reasonable* efforts to keep sidewalks clear. For example, a freezing sleet or rain could cause a sheet of ice to form in the middle of the night, and a late traveler could slip and be injured before the property owner had an opportunity to know of the condition, or to do anything about it if he did know.

Our query is this: Should the ordinance be construed as making a property owner or occupant an absolute insurer against the hazard of a pedestrian slipping on ice or snow; or does it impose upon property owners and occupants, as conceded by plaintiff's attorney, merely the duty of using reasonable care to keep their sidewalks free from snow and ice?

▇ Due process clauses of the United States Constitution and of the Constitution of Wyoming do not interfere with the police power of the state or of a city to enact laws for the general welfare of people; but any law in furtherance of police power must be reasonable and not arbitrary. Pirie v. Kamps, 68 Wyo. 83, 229 P.2d 927, 929, 26 A.L.R.2d 647; State·ex rel. New Mexico Dry Cleaning Board v. Cauthen, 48 N.M. 436, 152 P.2d 255, 257; In re Lut-

'ker, Okl.Cr., 274 P.2d 786, 789. See also Smith v. Costello, 77 Idaho 205, 290 P.2d .742, 744, 56 A.L.R.2d 1020.

■ It is our opinion that if the Cheyenne ordinance were construed as requiring more than reasonable care on the part of an occupant of property to keep his sidewalk free of ice and snow, then in that case the ordinance would be unconstitutional and void. Since counsel for the party injured does not contend otherwise, we have no hesitancy in saying that the standard of care imposed upon Western Union, in the instant case, was the duty of reasonable care.

In that regard, the evidence shows without contradiction that there had been a slight skim of snow on the sidewalk in the morning of the day of the accident. It was swept off. After the accident, the sidewalk was clear except for one particular patch of ice and certain snow which had been tracked on the sidewalk by pedestrians. There had been no difficulty with the accumulation of ice on the sidewalk in front of the Western Union premises prior to the accident.

Starting with the premise, as we do, that Western Union was bound to use reasonable care to keep its sidewalk free from snow and ice, we cannot say it failed to do so, in the absence of some evidence tending to show how and when the ice got there, or tending to show that Western Union either knew it was there or should have known it was there.

We do not say the occupant or owner of property cannot be held liable for doing a negligent act which causes ice or snow to accumulate on his sidewalk; neither do we say he cannot be liable if he negligently allows snow or ice to remain on his sidewalk after he knows of its presence or after he should have known of its presence.

■ What we do say is that the injured party has the burden of proof as in any other negligence action, and the plaintiff in such action must allege and prove the negligence which is claimed. We realize there are certain statutes and ordinances which make the happening of an accident prima facie evidence of negligence, but the ordinance in this case has no such provision. We cannot read it in by implication, and that is what we would be doing if we upheld the contentions of plaintiff.

■ As one of the points urged on appeal, appellant suggests the court erred in assessing costs against the plaintiff for witnesses' fees and travel expenses of employees of Western Union. We find no merit in this objection and deem it unnecessary to cite authority for the trial court's action in assessing costs.

Judgment on the directed verdicts is affirmed.